OPINION
On April 15, 1997, appellant, Carl Hostetter, was charged with domestic violence in violation of Alliance Codified Ordinance 537.14(C) which is identical to R.C. 2919.25. Said charge arose from an incident involving appellant's wife, Valerie Marie Hostetter.
A jury trial commenced on July 31, 1997. At the conclusion of the state's case-in-chief and again after the defense case, appellant moved for acquittal. Said motions were denied. The jury found appellant guilty as charged. By judgment entry filed July 31, 1997, the trial court sentenced appellant to thirty days in jail, twenty days suspended, and imposed a $250 fine plus costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL WHEN AN ESSENTIAL ELEMENT OF THE CRIME OF DOMESTIC VIOLENCE WAS LACKING.
 I
Appellant claims the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29. We disagree.
Crim.R. 29 states as follows:
RULE 29. MOTION FOR ACQUITTAL
 (A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
Appellant was charged with domestic violence in violation of R.C. 2919.25(C) which states "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." Appellant argues the state failed to prove Ms. Hostetter reasonably believed appellant would cause her imminent physical harm at the time of appellant's threat. Appellant argues it was the actual physical contact by appellant that caused Ms. Hostetter to become fearful. Ms. Hostetter described the threat as follows:
 * * * I got up and I walked out on the porch because he standing there with — he was sitting there with that knife jabbing it into the TV Guide and I was scared, so I went out on the porch and he came out and that's when he asked me, he said, do you want me to call your mom, and I said, what for, and he said, because I'm going to kill your ass. I stepped around, stepped to the other side of the porch and he came over towards me and started pushing me with his arms like this and then that's when I started screaming for my neighbor Barb, and then he left, he went down and got in the car and that's when I yelled to him, you threatened me, * * *.
T. at 34.
Ms. Hostetter testified she was "very afraid" and "nervous, scared, shaking, I was in fear for my life." T. at 35, 40. In answering the prosecutor's question "[w]hen the Defendant said, I'm going to kill your ass, did you believe he was, at that moment in time, capable of inflicting harm to you, at that moment," Ms. Hostetter replied "[y]es, I was already afraid because he was sitting in the house with the little razor blade knife. That's why I left the house." T. at 42.
Upon review, we find the evidence substantiates reasonable minds could reach different conclusions as to whether each material element of the crime charged had been proven beyond a reasonable doubt.
The sole assignment of error is denied.
The judgment of the Alliance Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court of Stark County, Ohio is affirmed.