OPINION
Defendant Robert R. Meade appeals a judgment of the Municipal Court of Delaware County, Ohio, convicting and sentencing him for, domestic violence in violation of R.C. 2919.25, aggravated menacing in violation of R.C. 2903.21, and unlawful restraint in violation of R.C. 2905.03. Appellant had also been charged with assault in violation of R.C. 2903.13, but was not convicted of the offense. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AS COUNSEL FOR APPELLANT FAILED TO MOVE FOR DISMISSAL OF EACH COUNT PURSUANT TO CRIMINAL RULE 29.
The record indicates appellant was charged with the various violations after an altercation with his wife Michelle. At trial, after Michelle testified, defense counsel moved for dismissal of the assault charge. After entertaining arguments, the court sustained the motion. Defense counsel then moved the court to dismiss the menacing charge, but after discussion, the court overruled that motion. Counsel did not move to dismiss the domestic violence or unlawful restraint charges, and the omission prompted this argument.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court formulated a two-prong test for reviewing courts to apply to claims of ineffective assistance of counsel. In order to demonstrate counsel's performance was ineffective, the accused must show both that counsel's performance fell below an objective standard of reasonable representation, and also that counsel's deficient performance resulted in actual prejudice to the accused. Ohio uses the Strickland test, see State v. Bradley
(1989), 42 Ohio St.3d 136.
Pursuant to Crim.R. 29, a trial court should enter a judgment of acquittal if it finds the evidence is insufficient to sustain a conviction. A court should not order a judgment of acquittal if the evidence is such that reasonable minds could reach different conclusions as to whether the State proved each material element of the crime beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261.
Appellant invites us to hold that failure to move for a Crim. R. 29 dismissal should be considered deficient performance per se, because there is simply no good reason why an attorney should not make such a motion.
As the State points out, a per se rule of the sort urged by appellant is neither in keeping with the Strickland test nor in line with public policy. Pursuant to Strickland and Bradley,supra, an appellant must demonstrate that, but for the deficient performance of trial counsel, the outcome of the trial would have been different. In other words, appellant must demonstrate to us the trial court would have, or should have, sustained a motion for acquittal had counsel made one. Furthermore, as the State points out, to adopt a per se rule would be an invitation for defense counsel to deliberately refrain from making the required motion in order to secure an automatic reversal and give the accused a second chance at trial.
We have reviewed the record, and we find appellant has not demonstrated counsel's performance was deficient, and cannot demonstrate that if defense counsel had moved for acquittal, the outcome of this case would have been any different from the conclusion reached.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution. Costs to appellant.