THE STATE OF OHIO, APPELLEE, *v.* BRIDGEMAN, APPELLANT.

[Cite as State v. Bridgeman (1978), 55 Ohio St. 2d 261.]

(No. 77-975—Decided September 27, 1978.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. James J. Sweeney*, for appellee.

*Mr. Thomas M. Shaughnessy*, for appellant.

WILLIAM B. BROWN, J.   Appellant raises four propositions of law in the instant cause.  Of those propositions, one challenges the trial court's failure to grant appellant's motions for acquittal and three challenge the scope of inquiry allowed by the mitigating factors listed in R. C. 2929.04 and the procedure by which mitigation is considered under R. C. 2929.03 and 2929.04.

I.

In his first proposition of law appellant contends that the trial court erred in denying appellant's Crim. R. 29(A) motions for acquittal.  It has long been established law in Ohio that a question is one for determination by the jury when "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt * * *." *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, paragraph two of the syllabus; *State* v. *Antill* (1964), 176 Ohio St. 61, paragraph five of the syllabus.  We do not agree with appellant that the adoption of Crim. R. 29(A) changes that standard.

Crim. R. 29 provides, in pertinent part:

"(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

The federal counterpart of Crim. R. 29(A) is Fed. R. Crim. P. 29.  An issue will be presented to the jury, under the federal rule, if the evidence, viewed in the light most favorable to the government, is such that "a reasonable mind *might* fairly find guilt beyond a reasonable doubt," and an issue will not be presented to the jury only if the evidence is such that "there *must* be some doubt [as to guilt] in a reasonable mind * * *." (Emphasis added.)  See *United States* v. *Collon* (C. A. 6,

1970), 426 F. 2d 939, 942, and the cases cited therein. The standard for sending a question to the jury under Fed. R. Crim. P. 29 and under *Swiger* and *Antill* are the same. (If reasonable minds can reach *different* conclusions as to whether each element of a crime has been proved beyond a reasonable doubt, they clearly *might* find guilt.) Crim. R. 29(A) and Fed. R. Crim. P. 29 are virtually identical.[1] Therefore, the adoption of Crim. R. 29(A) does not alter the *Swiger* standard for sending an issue to the jury.

Moreover, the evidence against appellant was not so slight or of so little probative value that reasonable minds *must* have had reasonable doubts as to appellant's guilt. The prosecution's eyewitness testified that he saw the appellant throw "pop" in the victim's face, hit him with a stick, try to pull the briefcase from him and finally flee with Jackson and the briefcase after Jackson shot Franks twice and Mrs. Robinson once. The prosecution also introduced evidence tending to corroborate the eyewitness' statement that he knew the appellant and Jackson by sight and that he was in a position to see the crime when it took place. In addition, the eyewitness' general description of the assailant's clothing was at least partially corroborated by Mrs. Robinson; his testimony concerning the crime was consistent, even on cross-examination, on all important details; and the reasons the eyewitness gave for his initial reluctance to name the assailants was corroborated by the store proprietor and the police. In view of the considerable evidence[2] presented against the appellant by the prosecution, we find

---

[1] Fed. R. Crim. P. 29(a) provides, in pertinent part:

"The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."

[2] Appellant also contends that "it is quite apparent from the record that the verdict of 'guilty' to the charges in the indictment were against the manifest weight of the evidence." In view of the eyewitness identification of appellant as one of the assailants and the evidence corroborating that testimony, we disagree.

that the trial court did not err when it denied appellant's motion for a directed acquittal. Appellant's first proposition of law is, therefore, overruled.

## II.

Appellant also challenges Ohio's scheme for determining the existence of mitigating factors pursuant to R. C. 2929.03 and 2929.04. In *Lockett* v. *Ohio* (1978), U. S. , 57 L. Ed. 2d 973, and *Bell* v. *Ohio* (1978), U. S. , 57 L. Ed. 2d 1010, the United States Supreme Court held that R. C. 2929.04(B) unconstitutionally limits the range of mitigating circumstances which may be considered by a sentencing court. In accordance with that holding this court has previously modified the judgment of the Court of Appeals by reducing appellant's sentence to life imprisonment. In light of our reduction of appellant's sentence, we find it unnecessary to address his final three propositions of law.

The judgment of the Court of Appeals with respect to the conviction of appellant is affirmed.

*Judgment accordingly.*

HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., not participating.