OPINION
Defendant-appellant, Andre P. Wright, appeals his robbery conviction under R.C. 2911.02. In his single assignment of error, Wright complains that the trial court erred by failing to grant his Crim.R. 29 motion for acquittal.
On October 23, 1995, Wright entered a Circuit City store in Clermont County. When he tried to leave the store, Wright triggered an alarm as he walked past a security device located in front of the store's exit. A store manager asked Wright to step back past the security device. He did and produced from his pocket an unwrapped compact disc that he said he had purchased at another store. With the alarm reset, Wright walked past the device again. Again the alarm sounded. The store manager noticed a bulge in one of Wright's coat pockets that looked like a compact disc case. Wright refused to show the store manager the contents of his coat pocket and another store employee called the police.
Wright was still in the store when Union Township Police Officer Gary Davis arrived within five minutes of the call. Officer Davis took a compact disc out of one of Wright's pockets and store personnel identified the compact disc as one belonging to the store. Officer Davis then told Wright he was under arrest and began to search Wright for other compact discs. When Officer Davis felt another pocket apparently containing compact discs, Wright ran for the exit. The officer caught up with Wright and the two struggled in the vestibule of the store. At some point Wright and the police officer fell into the front doors, shattering the glass. During the struggle, seven more compact discs fell from Wright's coat. Officer Davis eventually gained control over Wright with the help of several store employees.
Wright was originally charged with robbery in the Clermont County Juvenile Court. On October 30, 1995, the juvenile court transferred jurisdiction over the case to the Clermont County Court of Common Pleas. On November 22, 1995, the Clermont County Grand Jury issued a two count indictment against Wright for robbery and for assault of a peace officer. On January 3, 1996, a jury found Wright guilty of the robbery but not the assault. By judgment entered January 23, 1996, the trial court sentenced Wright to between seven and fifteen years in prison.
On appeal, Wright complains that the trial court erred in overruling his motion for acquittal on the robbery charge under Crim.R. 29. Wright asserts under his single assignment of error that his use of force did not occur "immediately after" his theft offense.
Crim.R. 29 provides that the trial court may grant a motion for acquittal if the evidence is insufficient to sustain a conviction. If reasonable minds can reach different conclusions about whether each material element of a crime has been proven beyond a reasonable doubt, a trial court may not enter a judgment of acquittal. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 2911.02(A) sets forth the elements for robbery and provides:
 No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another. (Emphasis added.)
R.C. 2911.02 expands former law, which required that the force be used in the taking of property and not during flight. See Hanson v. State (1885), 43 Ohio St. 376.
Wright argues that his theft was complete when store personnel called police and that his subsequent struggle with Officer Davis did not occur "immediately after" the theft offense. The immediacy requirement of R.C. 2911.02, however, may be met with proof that the flight furthered a purpose to deprive, as when the fleeing thief is in possession of the stolen property. See State v. Turner (Sept. 27, 1983), Franklin App. No. 83AP-226, unreported.
Whether the use of force occurs "immediately" after a theft offense is a question for the trier of fact. Here, Wright kept several stolen compact discs after store personnel called the police. Wright still had the stolen compact discs as he used force in attempting to flee. A reasonable person could conclude that when Wright fled he was not merely trying to escape, but that he was also trying to get away with the stolen compact discs. Wright's theft was intertwined with his flight; one offense did not neatly end before the second began. Under these circumstances, a reasonable person could conclude that the necessary element of force occurred during flight "immediately after a theft offense."
In conclusion, the state produced evidence on each element of R.C. 2911.02, particularly that the force Wright used to avoid Officer Davis occurred "immediately after" the commission of a theft offense. It follows that the trial court properly overruled Wright's Crim.R. 29 motion for acquittal. Wright's single assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
WALSH, P.J., dissents.