[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Brett A. Anderson ("Anderson") from a judgment of the Court of Common Pleas of Auglaize County.
On March 27, 1997, Anderson was indicted on four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), for acts allegedly committed during the summer and fall of 1996. Anderson entered a plea of not guilty on April 4, 1997. On August 5, 1997, Anderson filed a motion for in camera review of the grand jury testimony of two State's witnesses if they should testify at trial. The motion was taken under advisement. A jury trial was held from December 2, 1997, to December 5, 1997. On December 5, 1997, the jury found Anderson not guilty on counts one, three, and four, but guilty on count two of the indictment. On January 30, 1998, Anderson was sentenced to eighteen months in prison, which term of imprisonment was suspended, and Anderson was placed on probation for five years.
Anderson raises the following assignments of error.
 The trial court erred in not conducting an in camera
review of the testimony of Kristi Storer and Michelle Sturwold pursuant to Crim.R. 6(E).
 The trial court erred in denying Anderson's motions for a mistrial.
 The trial court erred in allowing certain testimony the accumulative effect was to deny Anderson his constitutional right to a fair trial.
 The trial court erred in denying Anderson's motions for acquittal under Crim.R. 29(A) which were made at the close of the State's case and after Anderson rested.
 The verdict of guilty, as to count two of the indictment is erroneous because it is against the manifest weight of the evidence and contrary to law.
In the first assignment of error, Anderson claims that the trial court should have reviewed the witnesses' grand jury testimonies. If a defendant in a felony case demonstrates a particularized need that outweighs the reasons for grand jury secrecy, the defendant can inspect all relevant portions of grand jury testimony pursuant to Crim.R. 6(E). State v. Benge (1996),75 Ohio St.3d 136, 661 N.E.2d 1019.
 When a defendant "speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions," the trial court does not abuse its discretion by finding the defendant had not shown a particularized need.
 State v. Mack (1995), 73 Ohio St.3d 502, 508, 653 N.E.2d 329, 335
(citing State v. Webb (1994), 70 Ohio St.3d 325, 337,638 N.E.2d 1023, 1034).
Here, Anderson asked the court to review the grand jury testimony of the two witnesses before they had even testified at trial. At no point did Anderson's request rise above the mere speculation that the testimony might reveal contradictions useful in cross-examination. Thus, the trial court did not abuse its discretion in denying the motion to review the grand jury testimony. The first assignment of error is overruled.
The second assignment of error is that the trial court erred in denying the motions for mistrial. In support of this argument, Anderson claims that the State's witnesses "blurted out" inadmissible statements and gave non-responsive answers to questions. The decision to grant a mistrial is within the sound discretion of the trial court. State v. Garner (1995), 74 Ohio St.3d 49,656 N.E.2d 623. Here, Anderson admits that no individual error claimed was sufficient to warrant a mistrial, but complains of the cumulative effect of the errors alleged. However, our review of the record shows that the statements claimed to be errors were not prejudicial.
At trial, Anderson objected to statements given in testimony by State's witness, Louis Meeker, regarding the victim's truthfulness and intelligence. On all occasions, the trial court sustained Anderson's objection and ordered the jury to disregard the statements.
The second alleged error was the testimony of the victim as to her grades and to alleged prior acts. Testimony about the grades of the girl, although possibly irrelevant, is not prejudicial to Anderson. The testimony as to alleged prior acts was as follows:
Q: What did Candace tell you to do?
 A: She told me that I shouldn't tell because she told once and they, —
Mr. Herman: Objection.
A: — , didn't believe her.
Transcript at 292-93. The trial court, although unsure that the jury had even heard the statement over the objection of counsel, immediately ordered the jury to disregard any portion of the answer after the witness she was told not to tell.
Finally, Anderson points to the statement made by Michelle Sturwold. Sturwold testified as follows:
 Q: In the summer of 1996, did you get assigned a case where the victim was Kristi Storer? I'm sorry, in January of 1997, did you get assigned a case where the victim was Kristi Storer?
A: Yes.
Q: And what was that concerning?
 A: Our agency had received some allegations that Kristi Storer had allegedly been molested by her uncle, Brett Anderson.
 Q: And what did you do as a result of that assignment?
 A: Umm, I then began an investigation concerning that and interviewed umm, some of the family members in Kristi's, — interviewed Kristi, umm, her parents. Umm, I also interviewed several other persons that may or, — umm, that people had some concerns that may be victims, —
Q: Okay.
A: —, or have information.
Q: After you got assigned the case, —
Mr. Herman: Your Honor, I would ask that, —
The Court: You got an objection?
 Mr. Herman: Got an objection. Ask that that be stricken.
 The Court: Ladies and Gentlemen of the Jury, ask that you disregard the last remark.
Transcript at 367-68.
In all the instances claimed as error by Anderson, the trial court gave a curative instruction concerning the improper statement. The giving of a curative instruction is enough to cure the taint of improper statements. Garner, supra and State v. Loza
(1994), 71 Ohio St.3d 61, 641 N.E.2d 1082. Thus, the second assignment of error is overruled.
In the third assignment of error, Anderson claims that he was denied a fair trial by the improper statements made by various witnesses. To support this argument, Anderson points to the same statements discussed above. The statements made, however, were subject to objection by Anderson. The objections were sustained and the jury was instructed to disregard the statements. Thus, the trial court corrected any potential error. Garner, supra. The third assignment of error is overruled.
The fourth assignment of error claims that the trial court erred in failing to grant the motion to acquit. "[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184. Here, Anderson was accused of gross sexual imposition, which requires the State to prove the following elements: 1) sexual contact with another, not a spouse 2) less than thirteen years old. R.C. 2907.05(A)(4). The victim testified that she was less than thirteen years of age and that in the summer and fall of 1996, Anderson touched her vaginal area. If the jury chose to believe this testimony, a reasonable mind could find that each element was proven beyond a reasonable doubt. Thus, the motion for acquittal was properly denied and the fourth assignment of error is overruled.
The final assignment of error is that the verdict was against the manifest weight of the evidence. When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 274, 574 N.E.2d at 504. As discussed above, evidence was presented on each element of the offense. Viewed in a light most favorable to the prosecution, a rational trier of fact could have found Anderson guilty of the offense charged. Thus the verdict is not against the manifest weight of the evidence and the fifth assignment of error is overruled.
The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.