JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This appeal involves two cases that were consolidated by this court on April 10, 1998.[1] In December 1997, one bench trial was conducted relating to both cases. Following the trial, defendant-appellant Mark Hill was found guilty of (1) possession of crack cocaine, possession of powder cocaine, and a major drug specification, in the case numbered B-9609823; and (2) possession of crack cocaine and a major drug offender specification, in the case numbered B-9705434. Hill was sentenced on January 28, 1998. In this timely appeal, he presents two assignments of error with respect to each case, but because each set of assignments concerns the same rules of law, we address the parallel assignments together.
In his first assignment of error, Hill maintains that the trial court erred by overruling his Crim.R. 29 motion for acquittal. Hill contends that, in case no. B-9609823, there was insufficient evidence to show that he constructively possessed the crack and powder cocaine that was found in a safe located at an apartment on William Howard Taft Road. Additionally, Hill maintains that, in case no. B-9705434, there was insufficient evidence to show that he was in possession of the crack cocaine found in a closet at an apartment on Renee Court.
Pursuant to Crim.R. 29, a court should enter a judgment of acquittal if it determines that the evidence is insufficient as a matter of law to support a conviction. In reviewing the trial court's ruling on a motion for acquittal, we consider whether, when viewing the evidence in the light most favorable to the state, a reasonable mind might fairly have found each element of the offense beyond a reasonable doubt.[2]
In both cases, Hill was convicted of possession of drugs in violation of R.C. 2925.11. R.C. 2925.01(K) defines possession in the following manner:
 having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Ohio courts have held that possession may be actual or constructive.[3] To establish constructive possession, the evidence must show that the defendant was able to exercise dominion and control over the contraband, even though it may not have been within his immediate physical possession.[4] It must also be shown that the defendant was conscious of the presence of the object.[5] Circumstantial evidence that the defendant was found in close proximity to readily usable drugs may be sufficient to prove constructive possession.[6]
In case no. B-9705434, we conclude that the state presented evidence, albeit circumstantial, of Hill's constructive possession of the drugs found at Renee Court. The police observed Hill leaving the Renee Court apartment prior to arresting him, and although the mother of Hill's child lived in the apartment, she testified that Hill was temporarily residing there. During the search of the apartment, the police recovered a digital scale; two suitcases containing men's clothing and Hill's personal papers; Hill's wallet and money, which were found under the mattress of the child's bedroom; and crack cocaine in the closet of the child's bedroom.
With respect to case no. B-9609823, we hold that the state presented sufficient evidence to demonstrate Hill's constructive possession of the drugs found in the safe at Taft Road. One of the police officers testified that Hill initially had stated that he resided at the Taft Road address; that he knew that a safe was located at that address; and that he had used the safe in the past for drug activity. Moreover, the evidence revealed that several pieces of mail having Hill's name and the Taft Road address were found on top of the safe containing the drugs.
After reviewing the state's evidence, we are convinced that, in both cases, a trier of fact could have reasonably found that Hill knew of and had control over the drugs discovered in both apartments. Hill's first assignment of error is overruled.
In Hill's second assignment of error, he maintains that he was denied effective assistance of counsel. Specifically, Hill argues that, in case no. B-9609823, a motion to suppress could have been granted because he had made incriminating statements before he was given his Miranda rights, and because those statements were then used to secure a search warrant for the Taft Road apartment. Hill maintains that, in case no. B-9705434, a motion to suppress could have been granted because the affidavit supporting the search warrant for the Renee Court apartment failed to demonstrate probable cause, and because the police improperly entered the apartment before the warrant was obtained.
In order to sustain a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense.[7] In these cases, we conclude that trial counsel's performance was not deficient. Here, counsel filed motions to suppress in both of the cases, but withdrew the motions prior to trial. A defendant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic.[8] Having reviewed the record, we cannot say that counsel's performance here fell below an objective standard of reasonableness or that, but for counsel's errors, the result of the trial would have been different. Accordingly, we overrule Hill's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] Although the appeal numbered C-980111 has been consolidated with the one numbered C-980110, two briefs have been submitted.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492;State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] See State v. Wolery (1976), 46 Ohio St.2d 316, 329,348 N.E.2d 351, 360; State v. Hankerson (1982), 70 Ohio St.2d 87, 90,434 N.E.2d 1362, 1365; State v. Williams (1996), 117 Ohio App.3d 488,492-493, 690 N.E.2d 1297, 1299-1300.
[4] State v. Wolery, supra, at 329, 348 N.E.2d at 360.
[5] State v. Hankerson, supra, at 91, 434 N.E.2d at 1365.
[6] See State v. Barr (1993), 86 Ohio App.3d 227, 235,620 N.E.2d 242, 248. See, also, State v. Williams, supra; State v. Pruitt
(1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499, 508.
[7] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[8] See State v. Brown (1988), 38 Ohio St.3d 305, 319,528 N.E.2d 523, 540.