[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Anthony Blackwell appeals from the judgment of the Hamilton County Common Pleas Court in which he was convicted, after a bench trial, of four counts of felonious assault and two counts of aggravated robbery. Blackwell challenges (1) the trial court's denial of his Crim.R. 29(A) motion and (2) the weight and sufficiency of the evidence. We address the assignments of error collectively.
Where substantial evidence is presented by the state to support all elements of the charged offense, and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence.[1] To determine whether the trial court improperly denied a motion for acquittal, the relevant inquiry is whether, after viewing all of the evidence in a light most favorable to the state, any rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt.[2]
The state presented significant evidence of Blackwell's guilt on all of the charges. Blackwell's contention that the state failed to present any evidence of a theft or an attempted theft in support of the aggravated-robbery charges is without merit. The evidence demonstrated that Blackwell used force in obtaining property from each of the victims. Furthermore, Blackwell's assertion that the state failed to prove the knowledge element of felonious assault on the first victim fails, where the evidence showed that Blackwell struck him several times with a heavy decorative glass apple, causing injury to the victim's face that required stitches, and causing the victim's tooth to be knocked out.
Blackwell argues that where the evidence established that he acted after serious provocation, the trial court should have found him guilty of aggravated assault for the second victim, rather than felonious assault. Blackwell claims that the evidence showed that he acted in a fit of rage upon learning that the second victim may have given him AIDS. However, the victim denied ever telling Blackwell that he was HIV-positive. Also, when Blackwell was interviewed by the police, Blackwell failed to mention anything about the victim being HIV-positive. Blackwell said only that when the victim made sexual advances toward him, he stabbed the victim with a knife.
Upon review of the entire record, we hold that the evidence presented by the state was sufficient as a matter of law, that the weight of the evidence supported each of the guilty findings, and that the trial court correctly overruled Blackwell's motion for acquittal pursuant to Crim.R. 29. Therefore, we overrule both assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] See State v. Barnes (1987), 25 Ohio St.3d 203, 495 N.E.2d 922;State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
[2] State v. Williams (1996), 74 Ohio St.3d 569, 660 N.E.2d 724; see, also, State v. Bridgman (1978), 55 Ohio St.2d 261,381 N.E.2d 184.