DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Erie County Court, Milan, Ohio.
On November 12, 1998, Deputy John Longbrake of the Erie County Sheriff's Department issued a speeding citation (case no. 98TRD08957) in the name of appellant, William McVey. Only one witness, Deputy Longbrake, testified at trial. Following Longbrake's testimony, appellant orally motioned for an acquittal arguing that the state had failed to prove the element of identity. The court denied the motion and found appellant guilty of driving sixty-eight miles per hour in a fifty-five mile per hour zone, a violation of R.C. 4511.21 and a minor misdemeanor offense. He was fined $20 plus court costs and was assessed two points on his driver's license. Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GRANTING DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL WHEN THE ARRESTING OFFICER ADMITTED HE COULD NOT IDENTIFY THE DEFENDANT.
 II. THE TRIAL COURT'S JUDGMENT IS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE.
 III. THE TRIAL COURT'S JUDGMENT IS LIKEWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant contends the court erred in denying his Crim.R. 29 motion for an acquittal. Specifically, appellant contends that the state never proved that appellant was the individual that Deputy Longbrake cited for speeding under case no. 98TRD08957.
"Pursuant to Crim. R 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
The following testimony was heard on direct examination:
 Prosecutor: Okay. On November 12th, 1998, did you come in contact with someone now known, that you now know as William McVey?
 Deputy Longbrake: Yes.
Prosecutor: Is that person in the courtroom today?
Deputy Longbrake: I believe so, yes.
Prosecutor: Can you please point him out?
 Deputy Longbrake: I believe he's sitting next to the gentleman in the tie.
 Prosecutor: Your honor, I would let the record reflect that the witness has pointed out the defendant.
 The Court: The record will so reflect.
The following testimony was elicited on cross-examination:
 Defense Counsel: Do you have any idea how many vehicles you stopped that day?
 Deputy Longbrake: No, I do not.
 Defense Counsel: And, when you identified, or purported to identify the defendant here as the person that you stopped, you're not quite sure of that, are you?
 Deputy Longbrake: Um, as sure as I can be. His face looks familiar, but it's hard to place it with a specific stop sometimes.
 Defense Counsel: Okay. So, although his face may look familiar, you could not, as you sit here today, just simply say this is the person that you stopped on that date and time?
 Deputy Longbrake: Probably not.
Defense Counsel: Okay. Thank you.
The state made no other attempt, through the written citation or otherwise, to prove that appellant was the man Deputy Longbrake pulled over for speeding at 5:22 p.m. on November 12, 1998.
Based on the testimony above, we conclude that the state failed to prove the element of identity beyond a reasonable doubt. Accordingly, the trial court erred by not granting appellant's Rule 29(A) motion for judgment of acquittal at the close of the prosecutor's case-in-chief. The judgment of the Erie County Court, Milan, Ohio, is reversed and the cause is remanded with instructions to the trial court to enter a judgment of acquittal for appellant. Appellant's second and third assignments of error are hereby rendered moot. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J., RICHARD W. KNEPPER, P.J., and MARK L. PIETRYKOWSKI, J., concur.