DECISION AND JOURNAL ENTRY
Defendant Sean Cavanaugh has appealed from a judgment in the Medina County Common Pleas Court that found him guilty of fleeing and eluding, a felony of the fourth degree. This Court affirms.
 I.
On March 5, 1998, Officer Saurer was on routine traffic patrol in the city of Medina when she observed Defendant operating his vehicle at a high rate of speed. Officer Saurer activated her overhead lights and siren, while following Defendant beyond the city limits. During her pursuit, Officer Saurer "clocked" Defendant at a speed of ninety miles an hour. After driving over two miles, Defendant pulled into his driveway. At this point, Officer Saurer blocked in Defendant's vehicle and placed him under arrest. Defendant received nine traffic citations arising from the incident.[1]
On March 19, 1998, Defendant was indicted by the Medina County Grand Jury on one count for failing to comply with order or signal of police officer (fleeing eluding), a violation of R.C.2921.33(B)(1). After entering a plea of not guilty, a jury trial was held on October 22, 1998. At the close of the State's case, Defendant moved to strike Officer Saurer's testimony on the grounds that the State had not established that she was in a marked patrol car and in uniform and for acquittal based on Crim.R. 29. The trial court denied both motions. Defendant renewed his motion for acquittal at the close of all the evidence; however, the trial court denied his request. The jury found Defendant guilty, and he was sentenced to two years of community controlled sanctions, a $100 fine, and he was required to obtain alcohol treatment in Medina. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred in failing to grant Defendant's motion for acquittal and motion for striking testimony of State's witness due to incompetency.
 In his sole assignment of error, Defendant has argued that the trial court should have granted his motion for acquittal because Officer Saurer was not competent to testify. Specifically, Defendant has asserted that the State did not offer evidence to show that Officer Saurer was in uniform and in a marked car at the time of the arrest. This Court disagrees.
In reviewing a trial court's decision to allow testimony, this Court shall not overturn a decision absent a showing of a trial court's abuse of discretion. See State v. Bresson (1990),51 Ohio St.3d 123, 129. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. Evid.R. 601 provides in part:
Every person is competent to testify to be a witness except:
* * *
 (C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute.
 Although the State did not introduce explicit testimony establishing that Officer Saurer was in uniform and in a marked patrol vehicle, the general rule is that an adult witness is presumed competent to testify and the burden is on the opposing party to prove otherwise. State v. Heimberger
(Jan. 15, 1986), Summit App. No. 12190, unreported, at 4-5, citing State v. Warnick (Nov. 11, 1975), Summit App. No. 7830, unreported. In the case at bar, Defendant offered no proof of incompetency. Furthermore, the Defendant testified that he saw a police car parked on the side of the road and later heard an audible siren. In light of the foregoing, the trial court was correct in finding Officer Saurer competent to testify.
Crim.R. 29(A) provides that a trial court must grant an acquittal if the evidence is insufficient to sustain a conviction of such offense. "[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. If the evidence, viewed in the light most favorable to the government, is such that a reasonable mind might fairly find guilt beyond a reasonable doubt, the trial court shall not grant an acquittal and the issue will be presented to the jury. Id. at 263; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
R.C. 2921.331(B) states that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." At trial, Officer Saurer testified that she activated her overhead lights and siren after she saw Defendant traveling at a high rate of speed. She followed Defendant over two miles, until Defendant stopped his vehicle outside the city limits. Further, Defendant admitted to seeing the officer parked by the road and admitted to hearing the siren. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove Defendant failed to comply with the order or signal of Officer Saurer. Therefore, Defendant's sole assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ BETH WHITMORE
BAIRD, P.J., CARR, J., CONCUR.
[1] The traffic citations were not part of this appeal.