DECISION AND JOURNAL ENTRY
Defendant-appellant, Larry D. Knox, appeals a judgment of the Lorain County Court of Common Pleas that convicted him of robbery. We affirm.
At approximately 1:30 a.m. on November 16, 1997, Defendant entered the Super K-Mart store located on Leavitt Road in Lorain, Ohio. Loss prevention officers, who monitored the store's entrances by video camera, noted that immediately after entering Defendant paced back and forth near the doors and appeared to scan the layout of the building. As the officers monitored his movements, Defendant indiscriminately filled a shopping cart with merchandise, walked through an unattended checkout line, and exited through the first of a set of double doors. At that point, store security approached and ushered Defendant back inside. Following an altercation with security personnel, Defendant was subdued, restrained, and escorted to the loss control office. After the security officers completed Defendant's paperwork, a second physical confrontation occurred. Officers from the Lorain Police Department arrived shortly thereafter. During an inventory search of Defendant's jacket, officers located a razor knife in the right front pocket.
Defendant was indicted on one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, and one charge of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. After Defendant failed to appear for arraignment, a capias issued for his arrest. The case proceeded to jury trial following a plea of not guilty. On April 21, 1999, Defendant was convicted of robbery and sentenced to a prison term of five years.[1] This appeal followed.
ASSIGNMENT OF ERROR I
 The judgment of conviction of robbery is against the manifest weight of the evidence and contrary to law and the trial court erred when it overruled [Defendant's] motion for acquittal pursuant to Ohio Criminal Rule 29.
 Evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations. Although Defendant's assignment of error purports to argue that his conviction for robbery was both based on legally insufficient evidence and against the manifest weight of the evidence, the substance of his argument pertains solely to the sufficiency of the evidence. As such, our disposition of this assignment of error is confined to this issue.
Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense[.]
 If the evidence is such that reasonable minds could differ as to whether the state has proven each element of the offense beyond a reasonable doubt, then the trial court may not grant a motion for acquittal. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano
(1996), 115 Ohio App.3d 646, 652.
Defendant was convicted of robbery, a violation of R.C.2911.02(A), which provides, in relevant part:
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * *
 (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]
 Defendant has not challenged the evidence supporting the commission of a theft offense; rather, he has argued solely that the State did not produce sufficient evidence at trial to support the conclusion that he either had a deadly weapon in his possession or inflicted physical harm upon an individual. This argument is not supported by the record.
Force consists of "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). "[W]here a defendant struggles with store security guards * * * immediately after a theft in an effort to escape apprehension, such conduct is part of a single continuous transaction and is sufficient to establish the force element of robbery." See State v. Dunning (Mar. 23, 2000), Cuyahoga App. No. 75869, unreported, 2000 Ohio App. LEXIS 1185, at * 7. Security officer Daniel Ashdown testified at trial that he apprehended Defendant as he attempted to remove a cart of merchandise from the store. Mr. Ashdown recalled that as he escorted Defendant toward the security office, Defendant "jerked to the left." In an attempt to secure Defendant until another officer could arrive, Mr. Ashdown placed his arms underneath Defendant's arms from behind and laced his hands behind Defendant's head. He stated that Defendant responded by bending over, propelling Mr. Ashdown headfirst "like Superman" into a display containing glass jars of gravy. Mr. Ashdown received a head injury as a result of this encounter. Mr. Eugene Collins, also a security employee at K-Mart, witnessed this incident as he approached Mr. Ashdown in order to offer assistance. Mr. Collins confirmed Mr. Ashdown's version of the events and recalled that Defendant continued to mount physical resistance after Mr. Collins "tackled" him to the ground.
This evidence, when viewed in a light most favorable to the prosecution, could prove sufficient to establish beyond a reasonable doubt that Defendant used force while attempting to flee immediately after the theft. In addition, the trier of fact could reasonably conclude from the evidence that Defendant committed the offense while in possession of a deadly weapon. A deadly weapon is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). Officer Ernie Sivert of the Lorain Police Department testified at trial that he recovered a "razor knife" from the right front pocket of Defendant's jacket, which had been removed at the time of his apprehension. Officer Sivert characterized the knife as "very dangerous."
The evidence produced at trial by the State was sufficient as a matter of law to support Defendant's conviction. His first assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR II
 The court should grant [Defendant's] pro se assignments of error.
 As an addendum to Defendant's brief in support of this appeal, his appellate counsel submitted letter written to her by Defendant dated August 3, 1999. In that letter, Defendant appears to allege several errors that occurred at trial. These arguments have not been presented to this court by Defendant. In addition, counsel for Defendant did not undertake to present these arguments in a form cognizable under the Rules of Appellate Procedure and the Local Rules of this court, and in fact has not attempted to argue the merits of these contentions in any way. See App.R. 16(A)(7) and Loc.R. 7(A)(6). Under these circumstances, this court cannot be charged with the duty of constructing Defendant's arguments. See State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported at 3. Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
CARR, J., WHITMORE, J., CONCUR.
[1] The jury returned a verdict of not guilty on the assault charge.