OPINION
Defendant-appellant, Judy Quillen, appeals her conviction in the Hamilton Municipal Court for selling alcohol to an underage person.
In July 1999, appellant was a clerk at Smith's Beverage Drive-Thru in Hamilton, Ohio. On the evening of July 23, 1999, two investigators of the Ohio Department of Public Safety Investigative Unit were parked in a lot adjacent to the drive through, directly in front of the drive through's exit, fifty to seventy-five yards away. Using binoculars, they observed a vehicle, driven by a seventeen-year-old teenage boy ("the minor"), pull in the drive through. An adult passenger[1] was riding in the front passenger seat. Following a conversation with the minor, appellant got two six packs of beer which she handed to the minor. The minor in turn handed her money and appellant rang up the transaction. It is undisputed that appellant never asked for identification from either person in the car. The minor and the passenger drove off the premises and were immediately pulled over by the investigators. The beer was in front of the passenger's seat. Appellant was subsequently cited for furnishing beer to a minor in violation of R.C. 4301.69(A).
At a bench trial held on October 14, 1999, the minor testified that the passenger originally ordered the beer. However, because appellant did not understand what the passenger was saying, the minor then asked for the beer. The minor also testified that the passenger gave him the money to pay for the beer. The minor admitted that even though he was not personally buying the beer, he was the one who physically gave the money to appellant who in turn handed him the beer.
At the close of the state's case, appellant moved for a "Directed Verdict of Acquittal" which the trial court overruled. Appellant subsequently testified she believed she was selling the beer to the passenger, whom she knew to be over twenty-one having checked his identification in the past. Appellant testified that the minor got the money to pay for the beer from the passenger. Appellant further testified that once she gave the beer to the minor, "[i]t went over to the passenger."
By judgment entry filed October 14, 1999, the trial court found appellant guilty of furnishing alcohol to a minor in violation of R.C. 4301.69. Appellant now appeals and raises two assignments of error.
In her first assignment of error, appellant argues the trial court erred by finding her guilty of violating R.C. 4301.69 when the actual sale was to a person of legal age, to wit, the passenger. In her second assignment of error, appellant argues the trial court erred by denying her Crim.R. 29(A) motion. At the heart of both arguments is appellant's claim that the evidence only supports the finding that the actual sale took place with the passenger. In support of her claim, appellant emphasizes that the minor did not use his own money to purchase the beer, but rather the passenger's money, and that he gave the beer to the passenger.
Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
R.C. 4301.69(A) provides in relevant part that "no person shall sell beer or intoxicated liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person[.]" R.C. 4301.01(A)(2) in turn defines "sale" and "sell" to "include exchange, barter, gift, offer for sale, sale, distribution and delivery of any kind, and the transfer of title or possession of beer and intoxicating liquor either by constructive or actual delivery by any means or devices * * *."
Faced with a similar fact pattern in State v. Schwarzel (June 28, 1994), Athens App. No. CA 1591, 1994 Ohio App. LEXIS 2948, unreported, the Fourth Appellate District held that
 The statute does not grant an exception for sellers allowing them to deliver alcohol to underage persons who are acting as "agents" for adults. Nor does the statute protect sellers who give alcohol to minors even if the sellers intend the beverages to eventually come into the possession of a person of legal age. * * * In short, we believe that the plain language of the statute shows a legislative intent that sellers place intoxicating beverages into the hands of adults, and we are bound by the plain language of the statute.
Id. at *8-9. Also faced with a similar fact pattern in Kent v.Stropki (Oct. 11, 1991), Portage App. No. 90-P-2262, 1991 Ohio App. LEXIS 4892, unreported, the Eleventh Appellate District found that "while there must always be a delivery in order for there to be a sale, that delivery does not have to be to the same person who purchases it. [A] sale is made to the person who purchases the alcohol, even if it is not delivered to him." Id. at *6.
In the case at bar, the record clearly shows that the exchange of money and the delivery of alcohol took place between appellant and the minor. The minor testified that he ordered the beer after appellant failed to understand the passenger's order. Thereafter, appellant handed the beer to the minor who in turn paid appellant for the beer.
Appellant emphasizes that the money used to purchase the beer was not the minor's but the passenger's. However, "[t]he law does not require the seller to inquire as to the ultimate source of the money, but instead whether the person giving him the money in exchange for the beer is of age." Id. at *7. Appellant also emphasizes that the minor gave the beer to the passenger immediately upon purchasing it. However, "[t]he key point is that the underage [person] made the purchase and then the beer was delivered." Id. at *6.
The facts of this case clearly indicate that appellant gave possession and delivery of alcohol to a minor. We therefore find that the trial court not only did not err by denying appellant's Crim.R. 29(A) motion, it also correctly found appellant guilty of violating R.C. 4301.69(A). Appellant's first and second assignments of errors are accordingly overruled.
[1] 1. The state of Ohio stipulated at trial that the passenger was over twenty-one years old.