OPINION
{¶ 1} Defendant-appellant, Andy D. Lay, appeals his vandalism conviction in the Fayette County Court of Common Pleas. We affirm.
 {¶ 2} On August 22, 2003, appellant was involved in a domestic violence dispute in Mt. Sterling, Ohio, at the residence of Harley Ford. He was indicted on the following four counts stemming from this incident: attempted aggravated burglary in violation of R.C. 2923.02, a second-degree felony; vandalism in violation of R.C. 2909.05, a fifth-degree felony; domestic violence in violation of R.C. 2919.25, a first-degree misdemeanor; and criminal damaging in violation of R.C.2909.06, a first-degree misdemeanor.
 {¶ 3} On the night of August 22, 2003, appellant was arguing with Penny Bond when Harley Ford intervened. Ford offered to help Bond into his residence at which point appellant shoved Ford out of the way. Appellant grabbed and cursed Bond. Ford, who had been carrying a .22 caliber pistol, drew the pistol and told appellant to back away.
 {¶ 4} Appellant followed the command. As Ford secured Bond safely from appellant, appellant began threatening Ford's wife who was inside the residence and contacting the police. Ford testified that appellant tore through two separate window screens, the windows themselves having been already open. An insulating double window was pulled off of the house. Appellant tried to crawl through the window space and grab Ford's wife. Despite appellant's efforts, Ford was able to push him out each time.
 {¶ 5} Outside the house, appellant began striking the wall of the residence. He damaged a portion of the house's vinyl siding and destroyed an electric receptacle and aluminum vent attached to the outside wall. Ford testified that the repairs to the residence totaled "a little over a thousand dollars."
 {¶ 6} During a jury trial, appellant moved for judgment of acquittal pursuant to Crim.R. 29 at the end of the state's and all evidence, arguing that the state did not prove he caused serious physical harm to Ford's residence. The trial court denied appellant's motions. He was convicted on all counts. The trial court imposed a prison sentence with an aggregate term of three years and 11 months. Appellant was ordered to pay restitution. Appellant now appeals this conviction raising a single assignment of error as follows:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN OVERRULING MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AS TO COUNT TWO OF THE INDICTMENT, VANDALISM (R.C. 2909.05).
 {¶ 8} In appellant's sole assignment of error, he argues that the trial court erred when it denied his Crim.R. 29 motions for acquittal because the state failed to prove that he caused serious physical harm to the Ford's home. We disagree.
 {¶ 9} An appellate court applies the same test in reviewing a denial of a Crim.R. 29 motion for acquittal as reviewing a challenge based on the sufficiency of the evidence. See State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence, viewed in a light most favorable to the prosecution, is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, 263-264.
 {¶ 10} Vandalism is defined in R.C. 2909.05, in pertinent part, as follows:
 {¶ 11} "(A) No person shall knowingly cause serious physical harm to an occupied structure or any of its contents.
 {¶ 12} "* * *
 {¶ 13} "(F) For purposes of this section:
 {¶ 14} "* * *
 {¶ 15} "(2) `Serious physical harm' means physical harm to property that results in loss to the value of the property of five hundred dollars or more."
 {¶ 16} Appellant contends that the state failed to produce sufficient evidence to prove beyond a reasonable doubt the element that he caused serious physical harm. In support of his proposition, appellant argues that there was no evidence that the harm caused a "loss in value" to the property of $500 or more but rather the state only produced evidence to show the "cost to repair the damage" exceeded $1,000.
 {¶ 17} We find that the state produced sufficient evidence that appellant's conduct resulted in serious physical harm to Ford's home. Ford testified that appellant damaged two of Ford's windows and window screens when he tore through the screens. There was evidence at trial detailing damage to the vinyl siding and some outdoor fixtures. Ford testified that the damages totaled more than $1,000. Photographs of the damages were entered into the record.
 {¶ 18} The trial court properly denied appellant's Crim.R. 29 motions. The evidence presented at trial, viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that appellant's conduct resulted in a loss to the value of property of $500 or more. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Young and Bressler, JJ., concur.