JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Walter Marcus appeals his convictions for drug trafficking and counterfeit trafficking of a controlled substance. He assigns the following two errors for our review:
 {¶ 1} "I. Appellant's drug trafficking conviction must bevacated because it is not supported by sufficient evidence as amatter of law."
 "II. The court's decision finding the defendant guilty of drugtrafficking and trafficking counterfeit substance was notsupported by sufficient evidence and was against the manifestweight of the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Marcus' convictions. The apposite facts follow.
 {¶ 3} After Marcus waived his right to a jury trial, the trial court proceeded to a bench trial. The evidence at trial showed that on March 23, 2005, Cleveland Police used a confidential informant to arrange a controlled buy of drugs at the corner of East 131st Street and Crennell Road. The informant was searched prior to the buy to assure he had no drugs or money on his person. The detectives then provided the informant with a marked twenty dollar bill to use to purchase the drugs.
 {¶ 4} Detective John Hall observed the informant engage in a brief conversation with Marcus and his co-defendant Pierre Greene. The detective then saw Marcus give the informant a small object and in exchange the informant gave Marcus money. Marcus and Greene then entered a beige vehicle, which pulled up during the transaction. After purchasing the drugs, the informant returned to an assigned undercover car and Detective Hall summoned officers to arrest Marcus and his co-defendant.
 {¶ 5} Responding officers surrounded the beige vehicle. Upon exiting the car, Greene dropped what appeared to be a rock of cocaine. When Marcus exited the vehicle, he placed his hand low to the ground and threw the marked twenty dollar bill under the car.
 {¶ 6} The alleged rock of cocaine purchased by the informant was sent to the narcotics lab where it tested negative for a controlled substance.
 {¶ 7} The trial court found Marcus guilty of drug trafficking and trafficking in a counterfeit controlled substance. The court sentenced Marcus to six months in prison on each count, to run concurrent with each other.
 Drug Trafficking {¶ 8} In his first assigned error, Marcus argues his conviction for drug trafficking was not supported by sufficient evidence because he did not actually possess a controlled substance.
Marcus cites the recent Ohio Supreme Court case of State v.Chandler[1] in support of his argument that to be convicted for drug trafficking, the defendant must actually have attempted to sell a controlled substance. However, this is not the holding of Chandler. Chandler held that a controlled substance was necessary in order to elevate an offense pursuant to the major drug offender enhancement provision under R.C.2925.03(C)(4)(g). However, the Court explicitly held that a person could be convicted for offering to sell a controlled substance without actually having a controlled substance because the crime is focused on the "offer" to sell.[2]
 {¶ 9} Marcus was indicted for selling or offering to sell a controlled substance. He did not have a major drug offender enhancement provision attached to his indictment. Therefore, the Supreme Court's analysis in Chandler supports Marcus' conviction for drug trafficking. Accordingly, his first assigned error is overruled.
 Sufficiency/Manifest Weight of Convictions {¶ 10} In his second assigned error, Marcus argues the evidence was insufficient and against the manifest weight of the evidence to support his convictions for drug trafficking and trafficking a counterfeit substance.
 {¶ 11} The sufficiency of the evidence standard of review is set forth in State v. Bridgeman:[3]
 "Pursuant to Criminal Rule 29(A), a court shall not order anentry of judgment of acquittal if the evidence is such thatreasonable minds can reach different conclusions as to whethereach material element of a crime has been proved beyond areasonable doubt."[4]
 {¶ 12} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[5] in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence submitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt. ( Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 13} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held inState v. Thompkins:[6]
 "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.' Blacks, supra, at 1594.
 " * * * The court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury clearly lost its way and created such amanifest miscarriage of justice that the conviction must bereversed and a new trial ordered. The discretionary power togrant a new trial should be exercised only in the exceptionalcase in which the evidence weighs heavily against theconviction."
 {¶ 14} Marcus contends the evidence did not establish that he transferred an object to the informant in exchange for money because the officer who retrieved the alleged object from the informant did not testify at trial. However, Detective Hall testified that he observed the informant and Marcus engage in a hand-to-hand transaction. He saw Marcus give the informant an object in exchange for money.
 {¶ 15} Moreover, Detective Hall testified that the officer who retrieved the object from the informant gave him the object to place in an evidence bag. Therefore, Detective Hall saw the object that the officer retrieved. This, along with the fact that Marcus was observed throwing the marked money under the vehicle before arrest, supports Marcus' convictions. Accordingly, Marcus' second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., Concur.
[1] 109 Ohio St.3d 223, 2006-Ohio-2285.
[2] Id. at ¶ 9.
[3] (1978), 55 Ohio St.2d 261, syllabus.
[4] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113.
[5] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[6] 78 Ohio St.3d 380, 386-387, 1997-Ohio-52.