OPINION
{¶ 1} Defendant, Michael Walters, appeals from his conviction, following a bench trial, for inducing panic, R.C. 2917.31(A)(3), and the sentence imposed for that offense pursuant to law. We find that Defendant's conviction is not supported by sufficient evidence. Therefore, we reverse and *Page 2 
vacate Defendant's conviction and sentence for inducing panic.
 {¶ 2} Defendant shared a home in Union with his sister, Amy Walters, and their grandmother, Beatrice Walters. On June 14, 2007, police officers were dispatched twice to the Walters' home on complaints by neighbors concerning Defendant shooting an air rifle in his back yard. That evening, Defendant got into a heated argument with his sister and grandmother over those events.
 {¶ 3} During the argument, Defendant waved a loaded handgun in his sister's face. Defendant also shoved, slapped, and punched his sister. He shoved and spit on his grandmother. When his sister threatened to call police, Defendant picked up an assault rifle and said, "let the police come."
 {¶ 4} Defendant's sister was aware that there were handguns and long guns in their house. She and her grandmother left, fearful of what Defendant might do. After driving a few blocks from their home, they encountered Lieutenant Darren Goudy of the Union Police Department.
 {¶ 5} Amy Walters told Lieutenant Goudy what had happened. Believing that a domestic violence offense occurred, and that Defendant was armed with a handgun and an assault rifle, Lieutenant Goudy and two uniformed officers went to the *Page 3 
Walters residence and took up surveillance positions outside.
 {¶ 6} Lieutenant Goudy was unsuccessful in attempting to contact Defendant by telephone. When Lieutenant Goudy reported his situation to his police chief, the chief called for the assistance of a SWAT team. Lieutenant Goudy testified that during the following forty-five minutes he remained outside the home, waiting for the SWAT team,
 {¶ 7} "[a]nytime I noticed any neighbors coming to the front door, which obviously I saw several of them coming to their front door, come to their front window, starting to step out, I waved them back inside to try to make sure everyone stayed clear of any, you know, within view of the house and we maintained a cover position." (T. 18).
 {¶ 8} Defendant eventually emerged from the house, got into an automobile, and drove off. Lieutenant Goudy pursued Defendant in his police cruiser for three to four miles, activating its emergency lights and siren. Defendant failed to stop, and instead drove through residential areas at speeds up to fifty miles per hour. Lieutenant Goudy terminated the chase when directed to do so by his police chief, who also cancelled his call for the SWAT team.
 {¶ 9} Amy Walters and her grandmother consented to a search of their home by Lieutenant Goudy and other officers. *Page 4 
They found and seized several loaded handguns and rifles, as well as extra ammunition. Defendant was arrested several hours later and taken into custody.
 {¶ 10} Defendant was charged by complaint in Vandalia Municipal Court in Case No. 2007CRB1403 with two counts of domestic violence and failure to comply with an order or signal of a police officer. He was charged in Case No. 2007CRB1510 with inducing panic in violation of R.C. 2917.31(A)(3). The charges were consolidated for a bench trial.
 {¶ 11} After the close of the State's case, Defendant moved for a judgment of acquittal pursuant to Crim. R. 29 on the domestic violence and inducing panic charges. The court granted the motion with respect to the two domestic violence charges but denied the motion with respect to the inducing panic charge, explaining that the denial was "due to the neighbors and the shooting of weapons in the two previous stops the officers made to the home about shooting a, discharging a firearm in the backyard, adding all that up, it's going to be overruled as far as the charge of Inducing Panic." (T. 50).
 {¶ 12} Defendant presented no evidence or witnesses. The trial court found him guilty of inducing panic and failure to *Page 5 
comply with an order or signal of a police officer. The trial court sentenced Defendant to one hundred eighty days in jail for the inducing panic offense, with ten days suspended and credit for ninety days, fines and court costs totaling $291.00, and five years of community control. Defendant received a similar sentence for failure to comply with an order or signal of a police officer.
 {¶ 13} Defendant timely appealed to this court from his conviction and sentence for inducing panic in Case No. 2007CRB1510.
ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY, BECAUSE EVIDENCE OF INDUCING PANIC WAS INSUFFICIENT TO SUSTAIN A CONVICTION."
 {¶ 15} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, Syllabus.
 {¶ 16} The proper standard for granting a Crim. R. 29 motion is the sufficiency of the evidence standard. The test the State must satisfy is "whether, after viewing the evidence in *Page 6 
a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the Syllabus. A positive finding requires denial of the motion.
 {¶ 17} Defendant was found guilty of inducing panic in violation of R.C. 2917.31(A)(3), which provides:
 {¶ 18} "(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
 {¶ 19} "(3) Committing any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm."
 {¶ 20} A 1973 comment concerning R.C. 2917.31 by the Legislative Service Commission states: "The gist of an offense under this section is causing a public place to be evacuated or otherwise causing serious public inconvenience or alarm, and the section is designed primarily to avoid the harm which may result from panic."
 {¶ 21} In State v. West (Jan. 16, 1998), Montgomery App. No. 15406, we affirmed the defendant's conviction for a violation of R.C. 2917.31(A)(2), which likewise prohibits causing serious public inconvenience or alarm. The evidence *Page 7 
showed that the defendant had called a psychologist and said that he intended to stay in his house until someone pulled him out feet first. The psychologist called police, who spoke by phone with the defendant, who told officers that he had a weapon and threatened to "take the officer out" with him. A SWAT team responded, local traffic was rerouted, and after eight hours, police shot gas into the house, entered the house and arrested the defendant. The evidence was sufficient to demonstrate that the Defendant's conduct caused serious public inconvenience or alarm.
 {¶ 22} There was no evidence to support the trial court's finding that Defendant Walters discharged a firearm in the back yard of his home. There was evidence that Defendant discharged an air rifle, and that police were twice called by Defendant's neighbors as a result. Whatever criminal offense Defendant's conduct might have involved, the calls to police his neighbors made fail to demonstrate that Defendant "cause[d] serious public inconvenience or alarm." The police response itself does not demonstrate a "public" reaction, because police officers acting in the official capacity are not members of the public for purposes of R.C. 2917.31(A). State v. Isham, Hamilton App. No. C-020065, 2002-Ohio-5815.
 {¶ 23} There is no evidence that Defendant's altercation *Page 8 
with his sister and his grandmother caused serious public inconvenience or alarm of any kind. After officers took up surveillance positions around Defendant's home, several neighbors looked out of their homes during the forty-five minutes the officers were there, to see what was happening, and were waved back inside by the officers. The neighbors' inability to satisfy their curiosity does not demonstrate serious public inconvenience or harm. There is no evidence that Defendant's neighbors were otherwise unable to leave their homes.
 {¶ 24} Defendant finally left his home in a car. Officers pursued him for three to four miles, at speeds ranging up to fifty miles per hour. There is no evidence that any members of the public were directly affected as a result, much less that any serious public inconvenience or harm was caused.
 {¶ 25} In order to prove a violation of R.C. 2917.31(A)(3), the State must prove that the accused, by committing an offense with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm, did as a result "cause serious public inconvenience or alarm." Proof of the reckless conduct that section prohibits is insufficient for conviction without proof that it caused serious public inconvenience or harm. On this record, *Page 9 
reasonable minds could not find that Defendant's conduct caused that result.
 {¶ 26} Because the evidence was insufficient as a matter of law to prove an essential element of an R.C. 2917.31(A)(3) offense, beyond a reasonable doubt, the trial court erred when it denied Defendant's Crim. R. 29 motion for a judgment of acquittal on that charge. Therefore, the assignment of error is sustained. Defendant's conviction and sentence for a violation of R.C. 2917.31(A) are reversed and vacated.
DONOVAN, P.J. And WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1