DECISION AND JOURNAL ENTRY
Defendant Eugene M. Frieg has appealed from his conviction on two counts of gross sexual imposition in violation of R.C.2907.05(A)(4). This Court affirms.
 I.
From approximately 1984 to 1991, Defendant resided with his girlfriend, Marilyn Morey, and her daughters. Marilyn's two oldest daughters, Lisa and Michelle, left the house around 1985 for college. Amber, Marilyn's youngest daughter, became best friends with her neighbor, Heather Santell. Amber and Heather were as close as sisters and would tell each other the most intimate details. At some point, Amber confided in Heather that her mother's boyfriend would make her grab his penis as he would shake the bed. Amber made Heather promise to keep this information a secret. Eventually Heather's mother told the North Ridgeville Police. When the police investigated the allegations, Amber told them that Defendant had abused her on more than fifty occasions from the age of six to twelve years old.
On May 13, 1998, Defendant was indicted for two counts of gross sexual imposition. He pled not guilty and the case was tried to a jury. Amber and Heather testified on behalf of the State; while Defendant and his wife testified on his behalf. Ultimately, Defendant was convicted on both counts. The trial court adjudicated him a sexually oriented offender and sentenced him to two years of imprisonment on each count to be served concurrently. Defendant timely appealed, asserting one assignment of error.
 II. The judgment of the conviction of two counts of gross sexual imposition is against the manifest weight of the evidence and contrary to law and the trial court erred when it overruled [Defendant's] motion for acquittal pursuant to [Crim.R. 29].
 In his sole assignment of error, Defendant has challenged the sufficiency and the weight of the evidence supporting his conviction. Specifically, Defendant has asserted that because Amber saw nothing unusual about his bodily characteristics, there could not have been any "sexual contact," and therefore, he did not commit gross sexual imposition in relation to Amber.
Crim.R. 29(A) provides that a trial court must grant an acquittal if the evidence is insufficient to sustain a conviction of such offense. "[A] court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. If the evidence, viewed in the light most favorable to the State, is such that a reasonable mind might fairly find guilt beyond a reasonable doubt, the trial court shall not grant an acquittal and the issue will be presented to the jury.Id. at 263; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
At this point the Court notes that evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations.State v. Gully (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Thompkins, 78 Ohio St.3d at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gully, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4.
R.C. 2907.05(A)(4) provides:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
At trial, Amber testified that on many occasions, Defendant would bring her into the bedroom he shared with her mother. Amber further explained how Defendant would pull his penis out of the front of his underwear and would make her hold his penis. Amber stated that Defendant would shake the bed while she was holding his penis and that "sometimes stuff would come out and he'd say he had to clean it." Amber testified that this happened over fifty times in her mother's bedroom and remembered that it happened once when they went out of town for a dog show. Next, Amber's best friend, Heather, testified that she first learned of the abuse when she was seven or eight years old. Heather stated that Amber would mention the abuse several times over their school years and that Amber's story was always the same. Heather also admitted that Amber refused to report the abuse.
To contradict the State's case, Defendant has argued that the abuse never took place because Amber could not accurately describe his bodily characteristics at trial. Defendant and his wife, Beverly Freig, testified that he had visible marks on his genitalia. Specifically, both testified that Defendant's penis was uncircumcised, he had one testicle, and that he has a visible scar on his lower extremities.
In reviewing the entire record, this Court cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice by relying on the testimony of the State's witnesses. This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other. See, e.g., State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. This case is not one of the exceptional cases in which a new trial is warranted. Defendant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is also without merit. Accordingly, Defendant's argument is not well taken.
 III.
Defendant's sole assignment of error is overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT BAIRD, P.J., CARR, J., CONCUR.