[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Donald Forth appeals his conviction for aggravated menacing in violation of R.C. 2903.21. He raises two assignments of error, both challenging the sufficiency of the evidence supporting his conviction. The first assignment addresses the trial court's overruling of his Crim.R. 29 motion, and the second assignment challenges the conviction itself.
R.C. 2903.21 prohibits a person from knowingly causing another to believe that he will cause serious physical harm to the other or to a member of his immediate family. The sufficiency-of-the-evidence challenge in this case requires us to examine the evidence presented at trial and to determine whether that evidence, viewed in a light most favorable to the state, could have convinced a rational trier of fact beyond a reasonable doubt that Forth was guilty of aggravated menacing.[1]
Similarly, in the review of the trial court's denial of Forth's Crim.R. 29 motion, we must determine whether the evidence was "such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[2]
Cincinnati Police Specialist Michael Kelley, responding to a radio dispatch about "boyfriend-girlfriend trouble," arrived at Forth's apartment to find him yelling outside the apartment door. Initially there was no response from inside. But when Forth stated that he was going to kick in the door, his girlfriend, Janice Lee, opened it. Forth hit Lee on the side of the face and almost knocked her to the ground. Kelley then arrested Forth for striking Lee. Kelley handcuffed Forth, and because Forth was agitated and angry with Kelley for the arrest, Kelley called for assistance. When additional officers arrived to question Lee, Kelley began to move Forth out of the apartment. Forth started making threats and said that he was going to "fuck up" Kelley, follow him home, and kill him and his family. Kelley considered the comment as a personal threat to him and stated that he felt threatened. Forth also stated that he was going to shoot Kelley, and that he would find out where Kelley lived.
Forth argues that because the state failed to present evidence that Kelley was placed in fear or apprehension, it failed to prove that Kelley believed that Forth would cause any serious physical harm. But Kelley testified that he felt personally threatened by the statements (to the extent that he even recorded them on his arrest slip). This testimony was sufficient to demonstrate that Kelley believed that Forth would cause him and/or his family serious physical harm. We overrule Forth's two assignments.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.