[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Sean Johnson appeals from his theft conviction under R.C. 2913.02(A)(3), after a jury trial. Johnson asserts two assignments of error, neither of which is well taken.
Federated Department Stores (Federated) has a matching-gifts program. Under the program, an employee of Federated who makes a personal contribution to a nonprofit organization can submit a matching-gifts form to the organization. After the employee and the organization certify the date and amount of the gift made, Federated then matches the gift amount and sends a check to the nonprofit organization.
Johnson created a nonprofit organization and contacted Federated about its program. Federated's Matching Gifts Administrator informed Johnson that a gift had to be received before the matching contribution could be made. Johnson received a brochure and a matching-gift form from Federated confirming this information.[1]
Johnson asked Angela Habig, a Federated employee, to submit a form stating that she had given $15,000 to his organization. Johnson submitted the form to Federated in January 1998, even though Habig had made no such contribution. Federated matched the $15,000 gift in March 1998. In November 1998, Johnson was able to get four more employees to sign matching-gift forms stating they had each donated $20,000 to his organization. Although no actual contribution was made in any of these cases, matching funds totaling $40,000 were sent to Johnson for two of the purported donations. In June 1999, Habig submitted another form, at Johnson's request, for an additional $20,000 in matching funds. Again, no contribution was actually made.
When Federated received the second matching-gift form from Habig, Federated became suspicious and asked Habig for proof of her $20,000 contribution. She then contacted Johnson. Johnson purchased two cashier's checks totaling $20,000 with his own money. Habig signed the cashier's checks and forwarded copies to Federated. When Federated discovered that the cashier's checks were dated August 1999, but that the original contribution had supposedly been made in June, Federated turned the matter over to Detective O'Brien of the Cincinnati Police fraud unit for investigation.
During his investigation, O'Brien learned that the money for the cashier's checks had been withdrawn from Johnson's accounts and later redeposited into those same accounts. O'Brien also verified that that none of the "contributors" had ever actually made the gift required by the Federated program.
In his first assignment of error, Johnson asserts the trial court erred in failing to grant a mistrial after the jury had reported that it was deadlocked. This assignment is not well taken.
It is within the discretion of the trial court to provide a supplemental instruction when the jury reports a deadlock on the question of conviction or acquittal. The purpose of the supplemental charge is to have the jurors re-examine their) views, as another jury would be in no better position to decide the case.[2] A supplemental instruction "must encourage a verdict where one can conscientiously be reached," and it "must be balanced, asking all jurors to reconsider their opinions in light of the fact that others do not agree."[3] Because the instruction in this case complied with the law and did not violate its legal purpose, the trial court did not err in giving it, instead of declaring a mistrial. Johnson's first assignment of error is overruled.
In his second assignment of error, Johnson argues the trial court erred in denying his Crim.R. 29 motion for acquittal, because the state's evidence was insufficient to prove that he had committed theft. In particular, he argues the state failed to show he had engaged in deceptive acts. Under Crim.R. 29(A), the trial court shall order the entry of a judgment of acquittal for one or more charged offenses only if "the evidence is insufficient to sustain a conviction of such offense or offenses." In its consideration of a Crim.R. 29 motion, the court must construe all evidence in a light most favorable to the state.[4]
Judgment of acquittal may not be ordered under Crim.R. 29(A) "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[5]
Johnson was charged with grand theft in violation of R.C. 2913.02(A)(3), which states, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:* * * by deception." The statute further provides that if the value of the property or services exceeds $5,000, the offense is grand theft.
The testimony and evidence presented by the prosecution was such that reasonable minds could have concluded that Johnson had knowingly deprived Federated of money by deception when he certified that gifts had been made to his organization at the time he asked Federated to issue matching gifts. Therefore, we overrule Johnson's second assignment of error.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] The matching-gift form required both the Federated employee and the recipient organization to certify that the information on the form was correct. In addition, an official from the recipient organization had to certify that "the above indicated gift has been received * * *."
[2] State v. Watley (June 26, 1998), Hamilton App. No. C970452, unreported.
[3] State v. Howard (1989), 42 Ohio St.3d 18, 25, 537 N.E.2d 188,194.
[4] See State v. Evans (1992), 63 Ohio St.3d 231, 248,586 N.E.2d 1042, 1056.
[5] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.