OPINION
Defendant Bryan K. Seery appeals a judgment of the Cambridge Municipal Court, which convicted and sentenced him for disorderly conduct, a violation of R.C. 2917.11.
 STATEMENT OF THE FACTS AND CASE
The record indicates at approximately 8:34 p.m. on October 16, 2001, Deputy Umstott was dispatched to loud music call in Buffalo, Guernsey County, Ohio.
Upon arriving at the scene, Deputy Umstott observed approximately fifteen people gathered around a fire, listening to loud music and "probably drinking beer." (T. at 11-12).
While still in his patrol car, Deputy Umstott yelled into the crowd for the owner come over to his car. (T. at 9).
At this time, Appellant responded to the deputy with "fuck you". (T. at 9).
Deputy Umstott exited his vehicle. At approximately this time Deputy Lowry arrived on the scene. (T. at 10).
Deputy Umstott asked Appellant to come over to his patrol car. Appellant refused.
As Deputy Umstott was going into the crowd, Appellant began to approach him with a beer in his hand.
Deputy Umstott ordered Appellant to put down the beer and accompany him to the patrol car.
Appellant refused to provide the deputy with identification and continued with his use of profanity.
Appellant did eventually provide the requested identification but continued to use profanity.
Appellant was charged with disorderly conduct, a violation of R.C. § 2917.11(B)(1).
On January 11, 2002, a trial was conducted to the Court in Cambridge Municipal Court.
At the close of the State of Ohio's case, Appellant moved for acquittal pursuant to Crim.R. 29. The trial court denied the motion.
Appellant elected not to present evidence.
The trial court entered a finding of guilty against Appellant on the offense charged.
It is from this finding which Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN CONVICTING DEFENDANT-APPELLANT OF VIOLATING R.C. 2917.11(B)(1) AS THERE WAS INSUFFICIENT EVIDENCE ON WHICH TO BASE THE CONVICTION."
In his sole assignment of error, appellant argues the trial court erred in overruling his motion for acquittal pursuant to Crim.R. 29. The rule provides if the court finds, after the close of evidence, the evidence is insufficient to sustain a conviction, the court shall order an entry of judgment of acquittal. If the court finds reasonable minds can reach different conclusions regarding whether the State has proved each material element of the crime charged beyond a reasonable doubt, then the court should refrain from ordering a judgment of acquittal, and submit the charge to the jury for resolution, State v. Bridgeman (1978),55 Ohio St.2d 261.
In the case sub judice, Deputy Umstott testified he believed appellant had committed the offense of disorderly conduct. Disorderly conduct involves a voluntarily intoxicated person who engages in conduct or creates a condition presenting a risk of physical harm to the offender or another, or to another person's property.
The mere act of shouting obscenities at a police officer is insufficient to constitute disorderly conduct, see State v. Dickey
(1991), 75 Ohio App.3d 628 at 631. The Dickey court noted, however, where profanities are made in such a manner a crowd could easily be excited, a conviction for disorderly conduct is justified. Id.
Here, Deputy Umstott arrived at the scene alone, followed shortly by the arrival of Deputy Lowry. The deputies testified that appellant was intoxicated and there were approximately fifteen other people present, drinking beer and listening to loud music. Appellant continued to use profanity to the deputy and to refused to comply with the deputy's requests to show his identification.
Our analysis of the situation must focus on whether the officer's actions were reasonable at the time he decided to arrest appellant. We find Deputy Umstott did have a reasonable basis for believing appellant was guilty of the offense of disorderly conduct at the time the officer first made the decision to arrest appellant.
Restricting our review of the evidence, we find that reasonable minds could come to differing conclusions regarding whether the state had proven each element of the offense beyond a reasonable doubt. Accordingly, the court properly overruled the motion for acquittal.
The sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Cambridge Municipal Court is affirmed.
BOGGINS, J., FARMER, J., concur.
HOFFMAN, P.J., dissents.