OPINION
{¶ 1} Appellant, G.B.K.G., Inc., appeals from the May 29, 2003 judgment entry of the Painesville Municipal Court, in which it was found guilty of a continuing zoning violation.[1]
 {¶ 2} On October 3, 2002, appellee, Village of Grand River, filed a complaint against appellant on one count of a continuing zoning violation, contrary to and in violation of Section 1125.01
of the Codified Ordinances of appellee. The complaint alleged that appellant was illegally renting out property located in a single family residence district to separate and unrelated individuals as a duplex. On October 23, 2002, appellant filed a written plea of not guilty.
 {¶ 3} A bench trial commenced on May 28, 2003. At the close of appellee's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. At the close of appellant's case, appellant's counsel renewed the Crim.R. 29 motion which was again overruled by the trial court.
 {¶ 4} The facts at trial revealed the following: appellant owns the property located at 121 Wetmore Street in the Village of Grand River, which is located in a single family residence district. In 1996, appellant applied for and received a zoning permit in order to construct an in-law suite, which contained more than two rooms.
 {¶ 5} Chief Robert Antonelli ("Chief Antonelli"), appellee's chief of police, testified for appellee that Dominish owns the subject residence through his corporate entity. Chief Antonelli indicated that he had been in the in-law suite portion of appellant's property when it was occupied by Danny Earl ("Earl"). After Earl moved out, Davatine Hall-Moore ("Moore") moved into the in-law suite portion of appellant's property. Chief Antonelli described the in-law suite as "an apartment attached to a house," which contained a kitchen. Chief Antonelli stated that Earl and Mr. Siefert ("Siefert"), the tenant who lived in the main portion of appellant's property, were not related.[2]
 {¶ 6} John Herendeen ("Herendeen"), appellee's former zoning inspector, testified for appellee that he gave a zoning permit to Dominish, whose corporation, appellant, owned the residence at issue. Herendeen said that the in-law suite of appellant's property contained a kitchen area which included a microwave, sink, and stove. Herendeen indicated that the main portion of appellant's property also contained a separate kitchen area. According to Herendeen, he told appellant that the in-law suite violated the Codified Ordinances of appellee. Herendeen stated that appellant failed to make the requisite changes.
 {¶ 7} Chief Antonelli and Frank Walland ("Walland"), appellee's zoning inspector, conducted an investigation of appellant's property in early February 2002. According to Chief Antonelli, the investigation revealed that each portion of appellant's property was accessible by two separate entrances. Chief Antonelli described appellant's property as a "two-family home." Both Chief Antonelli and Walland, who also testified for appellee, stated that appellant's property contained two electric and two gas meters. Walland indicated that the tax record shows that the owner of the residence at issue is Dominish or one of his corporations. Walland said that appellant's property was divided into two separate dwellings since one could not access the entire house from either portion of the premises. Chief Antonelli stated that the main portion contained a kitchen, one bathroom, two bedrooms, and one front room or living room.
 {¶ 8} Mayor Alan Diliberto testified for appellee that a plat map shows ownership of the subject residence by Dominish's corporation.
 {¶ 9} Pursuant to its May 29, 2003 judgment entry, the trial court found appellant guilty of a continuing zoning violation, contrary to and in violation of Section 1125.01 of the Codified Ordinances of appellee. The trial court ordered appellant to pay a fine in the amount of $550 plus costs. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 10} "[1.] The trial court erred as a matter of law because [appellee] did not present sufficient evidence on each and every element of the complaint in order to allow the court to enter a guilty verdict and [appellant] should be acquitted because the decision of the court violates the Fourteenth Amendment of the United States Constitution Due Process Clause.
 {¶ 11} "[2.] The court erred as a matter of law when it did not acquit [appellant] at the close of [appellee's] case and also at the close of all of the testimony.
 {¶ 12} "[3.] The verdict of the trial court is against the manifest weight of the evidence.
 {¶ 13} "[4.] The court erred to the prejudice of [appellant] and as a matter of law when it admitted utility records over the objection of [appellant] because these records were hearsay and they were not admissible under the rules of evidence.
 {¶ 14} "[5.] The court erred as a matter of law when it fined [appellant] the sum of $550.00."
 {¶ 15} Because appellant's first, second, and third assignments of error are interrelated and are discussed together in its brief, we will address them in a consolidated fashion. In its first assignment of error, appellant argues that appellee did not present sufficient evidence on each and every element of the complaint. In its second assignment of error, appellant contends that the trial court erred when it failed to acquit appellant. In its third assignment of error, appellant alleges that the verdict is against the manifest weight of the evidence.
 {¶ 16} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 17} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the [trier of fact], while `manifest weight' contests the believability of the evidence presented.
 {¶ 18} "`"(* * *)The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claimof insufficient evidence invokes an inquiry about due process. Itraises a question of law, the resolution of which does not allowthe court to weigh the evidence. * * *"'
 {¶ 19} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a [trier of fact's decision] where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 20} "* * * A reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." State v. March (July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997),79 Ohio St.3d 421, 430.
 {¶ 21} "A Crim.R. 29 motion for acquittal challenges the sufficiency of the evidence presented." State v. Freeman, 11th Dist. No. 2001-A-0053, 2002-Ohio-3366, at ¶ 6, citing State v.Talley (Sept. 25, 1998), 11th Dist. No. 97-L-169, 1998 Ohio App. LEXIS 4526, at 7. This court also stated in State v. Bell
(1994), 97 Ohio App.3d 576, 579: "[i]t is well settled that a motion for judgment of acquittal should be granted only where reasonable minds could not fail to find reasonable doubt. Statev. Bridgeman (1978), 55 Ohio St.2d 261, 264 * * *. A court cannot enter a judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the [offense] has been proven beyond a reasonable doubt. State v. Apanovitch (1987),33 Ohio St.3d 19, 23." (Parallel citations omitted.)
 {¶ 22} In Schlee, supra, at 14-15, we also stated that: "`[m]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 23} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * *" (Emphasis sic.)
 {¶ 24} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 25} Section 1125.01 of the Codified Ordinances of appellee provides that: "[i]n the Single-Family Residence District, any lot, piece or parcel of land may be used only for a single-family residence * * *."
 {¶ 26} Section 1125.03 states that: "[t]he following are auxiliary uses if they do not alter the character of the premises as a single-family residence:
 {¶ 27} "(a) The renting of not more than two rooms to not more than two roomers or the providing of table board to not more than two boarders in a single-family residence.
 {¶ 28} "* * *
 {¶ 29} "(f) In-law suites, used as an adjunct to and physically connected with a single family residence, are a permitted auxiliary use so long as:
 {¶ 30} "(1) Not more than three individuals shall live in the in-law suite;
 {¶ 31} "(2) Only individuals related by blood or marriage to one or more of the occupants (whether owners or tenants) of the single family residence;
 {¶ 32} "(3) The in-law suite shall not contain cooking facilities or equipment."
 {¶ 33} In the case at bar, pursuant to Section 1125.01, appellant's property is located in a single family residence district. Section 1125.03 authorizes auxiliary uses so long as they do not alter the character of the single family property. Section 1125.03(a) does not meet the boarder exception here because the investigation revealed that both sections of appellant's property which it rented contained more than two rooms. With regard to the in-law suite exception, pursuant to Section 1125.03(f)(3), the investigation revealed that the in-law suite contains cooking facilities and equipment. Based onSchlee, supra, there is substantial evidence upon which the trier of fact could reasonably conclude beyond a reasonable doubt that all of the elements of the offense have been proven. Also, pursuant to Schlee and Thompkins, supra, the trier of fact did not clearly lose its way in convicting appellant of a zoning violation. Thus, appellant's first, second, and third assignments of error are without merit.
 {¶ 34} In its fourth assignment of error, appellant contends that the trial court erred when it admitted utility records over its objection because they constitute hearsay. Appellant stresses that the utility records were inadmissible under Evid.R. 902(8) as acknowledged documents, and Evid.R. 803(6) as business records, when the custodian of the records did not testify and instead appellee introduced them pursuant to an affidavit.
 {¶ 35} With respect to hearsay exceptions, Evid.R. 803(6) provides that: "[a] memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * *"
 {¶ 36} With regard to self-authentication, Evid.R. 902(8) states that: "[d]ocuments accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments."
 {¶ 37} In the instant matter, although the trial court initially considered whether the utility records were admissible under Evid.R. 902, it ultimately determined that they were admissible pursuant to Evid.R. 803(6). Appellant agrees that the utility records constitute business records.
 {¶ 38} Here, the custodian or other qualified witness did not testify. However, both Chief Antonelli and Walland indicated that appellant's property contained two electric and two gas meters. Therefore, the evidence was cumulative that the subject property was not used as a single family residence. Also, we must stress that in its May 29, 2003 judgment entry, the trial court specifically noted that it did not consider the utility records.[3] Thus, appellant's fourth assignment of error is without merit.
 {¶ 39} In its fifth assignment of error, appellant alleges that the trial court erred when it fined appellant in the amount of $550, since it was convicted of only one zoning violation.
 {¶ 40} Section 1121.99(a) of the Codified Ordinances of appellee provides that: "[w]hoever violates any section or provision of this Zoning Code for which no penalty is otherwise provided shall be fined not more than fifty dollars ($50.00) for the first offense and not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) for each subsequent offense. Each day of the existence of any violation shall be a separate offense."
 {¶ 41} In the case sub judice, appellee's complaint against appellant and Dominish as statutory agent, alleged that on January 31, 2002, and February 23, 2002, and continuing daily thereafter, appellant committed a continuing zoning violation, contrary to and in violation of Section 1125.01 of the Codified Ordinances of appellee. The trial court found appellant guilty of a continuing zoning violation and ordered it to pay a fine in the amount of $550. Pursuant to Section 1121.99(a), the trial court was well within its discretion to impose the maximum penalty of $50 for the first offense and $500 for the continuing violation or subsequent offense. Therefore, appellant's fifth assignment of error is without merit.
 {¶ 42} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Painesville Municipal Court is affirmed.
Christley, J., O'Neill, J., concur.
[1] Appellant is a corporation owned by Gary J. Dominish ("Dominish").
[2] Also, there is no evidence in the record that Siefert was related to Moore.
[3] The trial court judge wrote in the upper right hand portion of the judgment entry that Exhibits four and five were not considered. However, since appellee only presented a total of four exhibits, and Exhibits one and two were not contested, we can infer that the trial court meant that it did not consider Exhibits three, the Dominion East Ohio record, and four, the First Energy record.