JOURNAL ENTRY and OPINION
{¶ 1} Appellant Paul S. Henderson appeals his conviction for possession of drugs, which the trial court entered after a bench trial. He assigns the following two errors for our review:
 {¶ 2} "I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Mr. Henderson was guilty of possession of drugs under R.C. 2925.11."
 {¶ 3} "II. The verdict was against the manifest weight of the evidence."
 {¶ 4} Having reviewed the record and pertinent law, we affirm Henderson's conviction. The apposite facts follow.
 {¶ 5} The Cuyahoga County Grand Jury indicted Henderson for one count of drug possession, in violation of R.C. 2924.11, and one count for possession of criminal tools, in violation of R.C.2923.24. After Henderson waived his right to a jury trial, the trial proceeded before the bench. During the middle of trial, Henderson failed to return for the rest of the trial; therefore, the trial continued in his absence.
 {¶ 6} The facts at trial established that the house in which Henderson resided was under surveillance for several weeks. According to Detective Vowell, the lead detective on the case, the surveillance was conducted in response to a Mayor's complaint that drug trafficking was occurring at the home. The complaint stated that three males living at the residence, Vincent Snyder, a "Paul," no last name given, and "Dee," no last name given, were dealing drugs at the home. Detective Vowell and his fellow officers observed heavy pedestrian and vehicular traffic to and from the house between the hours of 11:00 p.m. and 3:00 a.m. The visitors knocked, entered the premises, and left after only a few minutes.
 {¶ 7} After observing this activity, Detective Vowell arranged a controlled buy using an informant. The informant purchased a rock of cocaine from a male by the name of "Dee." The detective obtained a search warrant the next day. A week later, the detective, assisted by the SWAT team, executed the search warrant. Upon entering the premises at approximately 11:00 p.m., the officers observed Paul Henderson and Kenneth Collins in the living room. Henderson acknowledged he lived there. He stated he was a tenant who lived in the house while doing repairs and that he had rented one of the bedrooms to a female he evicted the day before. According to Detective Vowell, Henderson appeared to be "high" from drugs. Henderson, however, told the detective he had been drinking alcohol.
 {¶ 8} The detective found two rocks of cocaine and a crack pipe with a rock in it in a bedroom approximately five feet away from Henderson, in plain view on a dresser. Henderson acknowledged he knew the drugs were there. He stated, however, the drugs belonged to a prior tenant who was evicted the previous day. Henderson told Detective Vowell that he "kept the drugs so when anyone came to my house I would show them the drugs and say I don't want drugs in my house."
 {¶ 9} Also retrieved from the bedroom was a makeup mirror, which contained cocaine residue. Baggies were lying on the dresser next to the rock of cocaine along with baby powder. According to the officers, drugs are frequently placed into baggies for purchase, and baby powder is used to cut pure cocaine. A tray and razor containing cocaine residue were found on the living room floor.
 {¶ 10} Based on the above evidence, the trial court found Henderson guilty of one count of drug possession and not guilty of the possession of criminal tools. Henderson received the minimum sentence of six months in prison.
 {¶ 11} Henderson argues in his first and second assigned errors that his conviction for drug possession was not supported by sufficient evidence and was against the manifest weight of the evidence, because no evidence was presented that he had control over the drugs.
 {¶ 12} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman:[1]
 {¶ 13} "Pursuant to Criminal Rule 29(A), a court shall notorder an entry of judgment of acquittal if the evidence is suchthat reasonable minds can reach different conclusions as towhether each material element of a crime has been proved beyond areasonable doubt."[2]
 {¶ 14} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[3] in which the Ohio Supreme Court held:
{¶ 15} "An appellate court's function when reviewing thesufficiency of the evidence to support a criminal conviction isto examine the evidence submitted at trial to determine whethersuch evidence, if believed, would convince the average mind ofthe defendant's guilt beyond a reasonable doubt. The relevantinquiry is whether, after viewing the evidence in a light mostfavorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond areasonable doubt. ( Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L. Ed. 2d 560, followed.)"[4]
 {¶ 16} "Although a court of appeals may determine that ajudgment of a trial court is sustained by sufficient evidence,that court may nevertheless conclude that the judgment is againstthe weight of the evidence. * * * Weight of the evidence concerns`the inclination of the greater amount of credible evidence,offered in a trial, to support one side of the issue rather thanthe other. It indicates clearly to the jury that the party havingthe burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to beestablished before them. Weight is not a question of mathematics,but depends on its effect in inducing belief. * * *'"[5]
 {¶ 17} Henderson was charged and convicted of a violation of R.C. 2925.11(A), which provides that "no person shall knowingly obtain, possess or use a controlled substance." Possession is defined by R.C. 2925.01(K) as:
[H]aving control over a thing or substance but may not beinferred solely from mere access to the thing or substancethrough ownership or occupation of the premises upon which thething or substance is found.
 {¶ 18} "Possession may be actual or constructive."[6] A person has constructive possession of a thing or substance when he is able to exercise dominion or control over it.[7]
Ownership of the contraband need not be established. A person may indeed control or possess property belonging to another.[8]
The Ohio Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession.[9]
 {¶ 19} In the instant case, Henderson told Detective Vowell he was aware the drugs were there and kept them in order to show others that he did not want drugs in the house. Whether this statement is credible or not is of no matter. Possession of drugs by ordinary citizens, even for demonstrative purposes, is still illegal. As we stated, a person can control and possess the property of another. Therefore, Henderson's statement alone was enough to support a conviction against him for drug possession, even if the drugs belonged to a prior tenant. Accordingly, Henderson's two assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr. J., and McMonagle, J., concur.
[1] (1978), 55 Ohio St.2d 261, syllabus.
[2] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113.
[3] (1991), 61 Ohio St.3d 259.
[4] Id. at paragraph two of the syllabus.
[5] State v. Thompkins (1997), 78 Ohio St.3d 380, 386-87.
[6] State v. Kobi (1997), 122 Ohio App.3d 160, 174.
[7] State v. Wolery (1976), 46 Ohio St.2d 316, 332.
[8] State v. Mann (1993), 93 Ohio App.3d 301.
[9] State v. Hankerson (1982), 70 Ohio St.2d 87, 91, certiorari denied (1982), 459 U.S. 870, 103 S.Ct. 155,74 L.Ed.2d 130.