OPINION *Page 2 
{¶ 1} On February 27, 2006, appellant, John Tanner, was charged with sexual imposition in violation of R.C. 2907.06. Said charge arose from an incident involving appellant's fourteen year old niece.
 {¶ 2} A jury trial commenced on May 22, 2006. At the conclusion of the state's case-in-chief and again at the end of the trial, appellant requested a Crim.R. 29 motion for acquittal. The trial court denied the motion both times. The jury found appellant guilty as charged. By journal entry filed May 22, 2006, the trial court sentenced appellant to sixty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GRANT DEFENDANT-APPELLANT'S SEVERAL MOTIONS FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
 II {¶ 5} "THERE WAS NOT SUFFICIENT EVIDENCE PRESENTED BELOW TO SUPPORT THE CONVICTION OF THE DEFENDANT-APPELLANT."
 I, II {¶ 6} Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal, and the evidence was insufficient to support his conviction. We disagree.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following: *Page 3 
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 12} Appellant was convicted of sexual imposition in violation of R.C. 2907.06(A)(4) which states as follows:
 {¶ 13} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with *Page 4 
the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 14} "(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
 {¶ 15} Appellant argues the record is insufficient to establish that he was "at least eighteen years of age and four or more years older" than the victim at the time of the offense. The victim was fourteen years old. T. at 33, 49. Appellant was married to the victim's aunt, Brandy Tanner, and had been married for seven years prior the offense. T. at 31-32, 33, 50. Appellant and Ms. Tanner had three children. T. at 32. Ms. Tanner testified appellant was an adult. T. at 43.
 {¶ 16} In denying appellant's Crim.R. 29 motion for acquittal, the trial court stated the following:
 {¶ 17} "THE COURT: Right. I will overrule that portion of your 29A motion, Mr. Harmon, because The Court does believe that although there was no specific testimony offered. For instance, a birth certificate showing how old Mr. Tanner is, because as we all know, that is probably the only non-hearsay method of proving age, is through a birth certificate or perhaps the testimony of the mother who, after all, was there and witnessed the birth. The jury can look at other evidence that is in the record, including the identification of the Defendant and it appears to the Court that they can come to the conclusion, beyond a reasonable doubt, that Mr. Tanner, is over eighteen years of age as of December 31st, January 1st, 2003 and 4.With respect to the second matter, it is *Page 5 
true that in the Bill of Particulars and also the Charging Document that there is no mention of the word `reckless' and if I agreed with your belief that this is a recklessness statute, I would of course probably have no recourse but to dismiss the charge. However, I think a plain reading of this statute indicates that there is strict liability and I say that simply because so many other parts of this statute and the Gross Sexual Imposition statute use the word `reckless' where they intend to use the word `reckless'. They also use the word `knowing' where they presumably intended to use the word `knowing.' But in this subsection of that statute, the afore section, they don't require reckless behavior and I think there's probably a lot of policy reasons for making it strict liability protection of children and that type of thing. So both of your branches of your motion are overruled."
 {¶ 18} We concur with the trial court's reasoning because any element of a criminal offense can be established by circumstantial evidence. Because the victim was fourteen years old at the time of the offense, it was only necessary to prove that appellant was over eighteen years of age. The record established appellant was married for seven years, was the father of three children, and was the victim's uncle. Ms. Tanner classified her husband as an "adult." In addition, the jury had the ability to view and observe appellant's physical appearance during the trial.
 {¶ 19} Upon review, we find sufficient facts to establish that appellant was eighteen years of age at the time of the offense as required by the statute. The trial court did not err in denying appellant's Crim.R. 29 motion for acquittal.
 {¶ 20} Assignments of Error I and II are denied. *Page 6 
 {¶ 21} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed. *Page 1