OPINION
{¶ 1} On March 4, 2007, appellant, David Pumneo, was charged with one count of driving under the influence in violation of R.C. 4511.19, one count of improper lane change in violation of R.C. 4511.39, and one count of hit/skip in violation of R.C. 4549.02. Said charges arose from an investigation into a hit/skip accident.
 {¶ 2} A jury trial commenced on April 4, 2007. The jury found appellant guilty of the OVI charge and the hit/skip charge, and the trial court found appellant not guilty of the improper lane change charge. By judgment entry filed April 9, 2007, the trial court sentenced appellant to an aggregate one hundred eighty days in jail, ninety days suspended.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS."
 II {¶ 5} "DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS TRIAL COUNSEL FAILED TO MOVE (UNDER CRIMINAL RULE 29) TO DISMISS THE STATE'S CASE."
 {¶ 6} Both of appellant's assignments of error claim he was denied the effective assistance of trial counsel. The standard this issue must be measured against is set out in State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following: *Page 3 
 {¶ 7} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 8} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 I {¶ 9} Appellant claims his trial counsel was deficient in not filing a motion to suppress. We disagree.
 {¶ 10} Appellant does not challenge Ohio State Highway Patrol Trooper Shaun Baskerville's right to go to his home and investigate the alleged accident, but argues once Trooper Baskerville observed appellant's vehicle, there was no probable cause to arrest appellant.
 {¶ 11} Probable cause to arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v.Timson (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion *Page 4 
into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 12} Trooper Baskerville testified in the early morning hours of March 4, 2007, he spoke to one Justin Fryer who claimed he had been hit by a passing motorist on State Route 44. T. at 66. Trooper Baskerville took photos of Mr. Fryer's vehicle, documented all the damage, and obtained from Mr. Fryer a detailed description of the offending vehicle and its license plate number. Id. Trooper Baskerville observed minor damage to the rear bumper of Mr. Fryer's vehicle i.e., a piece taken out of the rear bumper, a scrape along the side of the vehicle, and paint transfer. T. at 67. The paint scuffs were red in color. T. at 68. The paint scuffs and their location on Mr. Fryer's vehicle were consistent with Mr. Fryer's account of the accident. T. at 67. Mr. Fryer described the driver of the vehicle as male and balding, and there was a blonde female passenger in the vehicle. T. at 71-72. After the vehicle's license plate number came back to appellant, Trooper Baskerville proceeded to his residence. T. at 70.
 {¶ 13} Upon arriving at appellant's residence, Trooper Baskerville encountered appellant, his girlfriend Jennifer Stanton, and his mother. Id. Trooper Baskerville split up the parties and spoke to Ms. Stanton outside. T. at 71. While he was outside, he observed the damage to appellant's vehicle. T. at 96. Appellant's vehicle was red and white. T. at 103. The damage to appellant's vehicle was consistent with the damage to Mr. Fryer's vehicle and his account of the accident. T. at 90.
 {¶ 14} Prior to taking Ms. Stanton's statement, Trooper Baskerville noticed a strong odor of alcohol about her person. Id. Ms. Stanton admitted to the accident. T. at 72, 74. In her statement, Ms. Stanton wrote, "We must have been too close and had *Page 5 
hit them." T. at 74; Plaintiff's Exhibit 5. Ms. Stanton stated she and appellant had not consumed any alcohol following the incident. Id.
 {¶ 15} Trooper Baskerville then spoke to appellant. T. at 75. Appellant also had a strong odor of alcohol about his person, and had bloodshot, glassy eyes. Id. Appellant was balding. T. at 77. He denied being in an accident, but admitted to drinking eight to ten beers prior to the incident. T. at 75, 78; Plaintiff's Exhibit 6. After being told of Ms. Stanton's statement, appellant changed his story and admitted to the incident, but claimed "I had no idea there was an accident." T. at 80; Plaintiff's Exhibit 7. Appellant also stated he had not consumed any alcohol after the incident. See, Plaintiff's Exhibit 7.
 {¶ 16} With all this information, Trooper Baskerville performed field sobriety tests on appellant. T. at 80-87. Trooper Baskerville based his determination on probable cause to arrest on his initial observations of appellant, and the fact that appellant had admitted to alcohol consumption and the field sobriety tests had indicated impairment. T. at 89.
 {¶ 17} Based upon the identification of the offending vehicle, the damage to the two vehicles consistent with each other and Mr. Fryer's account of the accident, and Ms. Stanton's admissions, Trooper Baskerville had sufficient probable cause to pursue the investigation. Therefore, appellant's Mirandized statements and the results of the field sobriety tests would not have been suppressible at trial. We find no deficiency by defense counsel on this issue.
 {¶ 18} Assignment of Error I is denied. *Page 6 
 II {¶ 19} Appellant claims his trial counsel was deficient in not moving to dismiss the case at the end of the state's case-in-chief pursuant to Crim. R. 29. We disagree.
 {¶ 20} We note defense counsel made a motion for acquittal at the close of all the evidence. T. at 162. The motion was denied. Id.
 {¶ 21} Crim. R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 22} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 23} The standard to be employed by a trial court in determining a Crim. R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 24} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 25} Three witnesses testified for the state, the victim Mr. Fryer, appellant's girlfriend Ms. Stanton, and Trooper Baskerville.
 {¶ 26} Mr. Fryer testified he was driving on State Route 44 when a vehicle started tailgating him. T. at 22. Once the road changed to four lanes, the vehicle *Page 7 
passed him and struck his right bumper. T. at 23. The vehicle then went in front of Mr. Fryer and the brakes were slammed on. Id. Mr. Fryer was able to avoid hitting the vehicle. Id. Mr. Fryer observed two people in the vehicle; the driver was male and balding, and the passenger was female and blonde. T. at 24-25. He was able to describe the vehicle and obtain its license plate number. Id.
 {¶ 27} Ms. Stanton testified appellant had been driving the vehicle in question during the incident, and admitted that they had both been drinking. T. at 40-43. Although Ms. Stanton testified appellant did not hit Mr. Fryer's vehicle, this testimony was contra to the statement she gave to Trooper Baskerville. T. at 42, 46-47; Plaintiff's Exhibit 5.
 {¶ 28} Trooper Baskerville testified to matching the license plate number obtained from Mr. Fryer to appellant's vehicle, observed the damage to appellant's vehicle, ascertained the damage to appellant's vehicle was consistent with the damage to Mr. Fryer's vehicle and his account of the accident, and observed appellant's general state of intoxication and his poor performance on the field sobriety tests. T. at 70, 77, 80-87, 90, 96. Appellant admitted to having consumed alcohol prior to the incident, but not consuming alcohol after the incident. T. at 78; Plaintiff's Exhibit 7.
 {¶ 29} We find the evidence produced by the state would have clearly passed a Crim. R. 29 challenge.
 {¶ 30} Assignment of Error II is denied. *Page 8 
 {¶ 31} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. *Page 1