[Cite as *State v. Hill*, 2016-Ohio-4790.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2015CA00228 |
| MARQUELL D. HILL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Case No. 2015CR1354

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    June 30, 2016

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOHN D. FERRERO,    BERNARD L. HUNT
Prosecuting Attorney,    2395 McGinty Rd NW
Stark County, Ohio    North Canton, Ohio 44720

By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Marquell D. Hill appeals his conviction and sentence entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 22, 2015, Appellant visited the apartment of K.P., with whom he shares a child.[1] The parties had gone to bed for the evening. K.P. went to bed in her bedroom with her infant daughter, and Appellant went to bed in the living room with the parties' two year-old daughter.

{¶3} Later, Appellant found K.P. in her bedroom and saw a light on her phone. Appellant thought she was texting another man and demanded to see the phone. K.P. hid the phone, at which point Appellant grabbed her shoulder in an attempt to view the screen. K.P. testified at trial Appellant then came behind her, put his arm and hands around her throat and began shaking and choking her. K.P. testified she was struggling to take a breath.

{¶4} Appellant removed his daughter to another bedroom and then went outside on the balcony to smoke. K.P. called 911 to report the incident.

{¶5} Upon questioning by law enforcement officials, Appellant used another person's identity and address. While being placed under arrest, Appellant begged K.P. not to answer questions and otherwise interfered with the investigatory process.

---

[1] K.P. also has another infant child, who is not Appellant's child, who resides with her.

{¶6} Officer Phillip Johnson of the Canton Police Department testified he responded to the call. He testified the scene was dark, and they were initially unable to determine if K.P. had suffered any injuries. However, Officer Johnson testified when in the light he did observe light abrasions and cuts on K.P.'s neck which were consistent with her story. He did not take photos or video evidence. K.P. refused medical attention.

{¶7} Officer Steven Melendez of the Canton Police Department testified Appellant provided a false name to law enforcement officers, and Appellant begged K.P. not to answer the officers' questions. He testified Appellant continued to interrupt the questioning until removed from the apartment.

{¶8} After his arrest, Appellant made approximately thirty phone calls to K.P.'s cell phone attempting to coerce and manipulate her. K.P. eventually put a block on her cell phone.

{¶9} As a result of the incident, Appellant was charged with one count of domestic violence, in violation of R.C. 2919.25(A); and one count of obstructing official business, in violation of R.C. 2921.31(A).

{¶10} Appellant stipulated to two prior domestic violence convictions in 2014, and 2015, in which K.P. was also the victim (Canton Municipal Court Case Nos. 2014CRB1741 and 2015CRB2097).

{¶11} Following the close of evidence on behalf of the state, Appellant moved the trial court for a Criminal Rule 29 motion for acquittal. The trial court denied the motion.

{¶12} A jury found Appellant guilty of both charges. The trial court sentenced Appellant to a term of thirty-six months in prison on the domestic violence charge and to

thirty-days in prison for obstructing official business, to be served concurrent for a total term of thirty-six months.

{¶13} Appellant appeals, assigning as error,

{¶14} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S CRIMINAL RULE 29, MOTION FOR ACQUITTAL."

{¶15} Appellant asserts the evidence introduced at trial by the State was insufficient to prove each element of the charged offenses.  Specifically, Appellant maintains K.P.'s statements were inconsistent and there was no violence demonstrated as required by statute.

{¶16} Appellant was convicted of one count of domestic violence, in violation of R.C. 2919.25(A), which reads, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶17} R.C. 3113.31(1)(a) defines "Domestic Violence" as "the occurrence of one or more of the following acts against a family or household member:

(a) Attempting to cause or recklessly causing injury;

{¶18} "Family or household member" means any of the following

(a) Any of the following who is residing with or who has resided with

the respondent:

(b) The natural parent of any child of whom the respondent is the

other natural or is the putative other natural parent.

{¶19} Appellant was also convicted of obstructing official business, in violation of R.C. 2921.31(A), which reads,

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶20} We initially note it is undisputed the parties share a child, and have a history of a prior, sexual relationship.

{¶21} Appellant maintains he merely grazed K.P.'s shoulder, causing no physical harm. He argues her statements were inconsistent and she did not require medical attention. Appellant does not make any argument with regard to his conviction for obstructing official business.

{¶22} In *State v. Bridgman* (1978), 55 Ohio St.2d 261, the Ohio Supreme Court held in the syllabus, "Pursuant to Crim. R. 29 (A), a court shall not order an entry of Judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶23} When considering a Criminal Rule 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1976) 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184.

{¶24} K.P. testified Appellant grabbed her from behind and began choking her, causing her to have trouble breathing. She stated she had been involved in prior incidents

of domestic violence involving Appellant, and feared for herself and her infant child, which was not Appellant's child.  She testified after the officers responded she did not believe she needed medical attention, but her neck was sore for a day or two.

{¶25} K.P. further testified Appellant called her repeatedly after the incident and begged her not to get him in trouble.  She testified she eventually blocked his calls.

{¶26} Officer Phillip Johnson testified he responded to the call of domestic violence. He stated he observed light abrasions on K.P.'s neck and cuts consistent with her story, but she declined medical attention.

{¶27} Officer Steven Melendez testified Appellant provided a false name upon questioning, and begged K.P. not to answer the officers' questions.  He testified Appellant continued to interrupt the questioning until he was removed from the apartment.

{¶28} We find based upon the evidence presented by the state, the trial court did not err in denying Appellant's Criminal Rule 29 motion for acquittal.

**{¶29}** Appellant's sole assignment of error is overruled.  The judgment of the Stark County Court of Common Pleas, is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur