[Cite as *State v. Brewer*, 2020-Ohio-881.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRADLEY L. BREWER | : | Case No. 2019 CA 0044 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2018-CR-0998 N



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        March 6, 2020



APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JOSEPH C. SNYDER          R. JOSHUA BROWN
38 South Park Street          32 Lutz Avenue
Mansfield, OH  44902          Lexington, OH  44904

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Bradley Brewer, appeals his May 2, 2019 conviction in the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 6, 2018, appellant's adult son was out with three friends from work.  He had an 11:30 curfew.  A few minutes past curfew, appellant texted his son and told him to return home.  The three friends drove him home.  Upon arriving at the home, one of the friends attempted to speak with appellant.  Appellant yelled at the friend and told all three friends to get off the property.  The friends returned to the vehicle and parked in the alleyway adjacent to the home, as they were concerned for their friend.

{¶ 3}   Eventually an altercation occurred between appellant and his son.  The son got into the vehicle with his friends and one of the friends called the police.  Responding to the scene was Mansfield Police Patrolman Paul Webb.  He spoke with the son and his friends out on the street.  He then approached the house and attempted to speak with appellant, but appellant was handling his dog, Jax.  Patrolman Webb instructed appellant to not release the dog.  The dog got free and lunged at Officer Webb three times, one time biting his right shoulder.  Patrolman Webb fired his gun, striking the dog two times. The dog survived.

{¶ 4}   Patrolman Webb and another officer that had arrived on the scene attempted to arrest appellant, but appellant resisted and punched Patrolman Webb. Eventually the officers were able to handcuff appellant and place him under arrest.

{¶ 5}   On December 11, 2018, the Richland County Grand Jury indicted appellant on two counts of felonious assault in the first degree in violation of R.C. 2903.11(A)(1) and (2), one count of assault in the fourth degree in violation of R.C. 2903.13, and one count of obstructing official business in the fifth degree in violation of R.C. 2921.31.  The R.C. 2903.11(A)(1) felonious assault count was later amended to attempted felonious assault in the second degree.

{¶ 6}   A jury trial commenced on April 2, 2019.  At the end of the trial, appellant moved for a Crim.R. 29 acquittal of the R.C. 2903.11(A)(2) felonious assault count.  The trial court denied the motion.  The jury found appellant guilty as charged.  By sentencing entry filed May 2, 2019, the trial court sentenced appellant to an aggregate term of four years in prison.

{¶ 7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 8}   "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."

I

{¶ 9}   In his sole assignment of error, appellant claims the trial court erred in denying his motion for acquittal.  We disagree.

{¶ 10} Crim.R. 29 governs motion for acquittal.   Subsection (A) states the following:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶ 11} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶ 12} Appellant challenges his conviction of felonious assault in the first degree in violation of R.C. 2903.11(A)(2) which states: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." "Deadly weapon" as defined in R.C. 2923.11(A) "means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." "Whether a weapon constitutes a deadly weapon depends on the facts and circumstances of each particular case." *In re Fortney,* 162 Ohio App.3d 170, 2005-Ohio-3618, 832 N.E.2d 1257 (4th Dist.), ¶ 38. Dogs have been determined to be "deadly weapons" given the facts and circumstances of the case. *State v. Vinson,* 8th Dist. Cuyahoga Nos. 87056,

87058, 87060, 2006-Ohio-3971; *State v. Williams,* 8th Dist. Cuyahoga No. 83402, 2004-Ohio-4085.

{¶ 13} Appellant argues his dog does not constitute a deadly weapon as defined in R.C. 2923.11(A) because no evidence was presented that Jax was trained to be an attack dog, kept as an attack dog, or had previously attacked anyone upon command.

{¶ 14} After driving the son home, the three friends got out of the vehicle and one of them attempted to speak with appellant who was standing outside. T. at 380-381. Appellant ordered the three friends off his property, and threatened to go get Jax. T. at 385, 477-478, 564-566. They were scared because the dog was "known to be vicious." T. at 385, 478, 568-569. Jax is a "shepherd/rot mix." T. at 828. The three friends testified Jax was an aggressive dog, not playful or friendly. T. at 366-368, 472-473, 565-566.

{¶ 15} After Patrolman Webb arrived, he spoke with the son and his friends and then approached appellant to speak with him. T. at 628. Patrolman Webb observed appellant attempting to open the outdoor dog kennel. T. at 631. Patrolman Webb told appellant multiple times not to open the kennel door. T. at 627-628, 631-633. Several witnesses testified appellant opened Jax's kennel and ordered the dog to "Get 'em." T. at 423, 436, 454, 499, 580-581, 646, 710. It sounded like a command. T. at 499-500. Jax then charged Patrolman Webb and lunged at him three times, one time biting him on the shoulder. T. at 647-649, 653, 747-748, 751.

{¶ 16} Appellant testified as Patrolman Webb was approaching, he was holding on to Jax's collar and the dog started to pull away from him so he told his son to "come get 'em," the dog that is. T. at 838, 852-853, 866. Appellant testified the dog broke free from his grasp. T. at 839, 866. He stated the dog lunged at Patrolman Webb because the dog

thought it was playtime.  T. at 839.  Patrolman Webb was carrying a flashlight and the dog often played "flashlight tag" for a treat.  T. at 839-840.  Appellant described the dog as playful, friendly, and very loving.  T. at 833.

{¶ 17} Following his arrest, appellant was taken to the hospital due to receiving injuries in the altercations.  While at the hospital, appellant told hospital personnel if Patrolman Webb had not been trespassing, he would not have had to sic his dog on him.  T. at 798.  Appellant also stated, "That's why I got the dog, to protect me.  He did what he was trained to do."  T. at 533, 535, 798-799.  Appellant admitted a 120 pound dog like Jax could rip out a person's throat and kill them.  T. at 884-885.

{¶ 18} In denying appellant's motion for acquittal, the trial court stated the following (T. at 915):

The court will agree with the State in this matter.  There are a lot of items, not, per se, deadly weapons, however, used in a certain context, obviously become so.  The fact that the dog had not previously bitten anyone, no evidence of that or such like that.  But the court does find in the light most favorable to the non-moving party that reasonable minds could come to the conclusion that the dog had been trained to attack another in order to protect the owner of that dog, so the court is going to overrule the Rule 29 motion at this time.

{¶ 19} We concur with the trial court.  The state presented sufficient evidence, via appellant's own statements as well as witness testimony, to overcome the Crim.R. 29

standard. Testimony was presented that appellant gave an attack command, the dog recognized the command, and the dog immediately attacked Patrolman Webb. In light of this evidence, under a Crim.R. 29 standard, reasonable minds could have reached different conclusions as to whether each material element of the crime of felonious assault had been proven beyond a reasonable doubt, including whether Jax was used as a "deadly weapon."

{¶ 20} Upon review, we find sufficient evidence was presented to survive a Crim.R. 29 motion and have the matter decided by the jury. The trial court did not err in denying appellant's motion for acquittal.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/db